United States District Court
Northern District of Indiana
Hammond Division

| WILLIE T. DONALD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:17-CV-32 JVB |
| BRUCE OUTLAW, et al., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Willie T. Donald has sued Bruce Outlaw, Carla K. Pike as special administrator of the Estate of John E. Jelks Jr., the City of Gary, and other unknown employees of the City. Each of the named defendants has filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**A.**     **Legal Standard**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must contain enough factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* When evaluating the sufficiency of a complaint under

Rule 12(b)(6), the Court must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in his favor. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. When matters outside the pleadings are presented to the court, under Rule 12(d), the court must either convert the motion into a summary judgment motion or exclude the documents attached to the motion to dismiss. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 2006).

**B.      Plaintiff's Complaint**

Plaintiff alleges that he was wrongfully convicted of murder and robbery and spent almost twenty-four years in prison for crimes he didn't commit. He claims that he was framed by City of Gary police officers Bruce Outlaw and John Jelks Jr. ("Defendant Officers").[1] According to Plaintiff, his conviction rested solely on two false eyewitness identifications that Defendants fabricated and manipulated.

Plaintiff's complaint concerns alleged police misconduct beginning in 1992. The complaint sets out the Defendant Officers' alleged misconduct in detail. (*See* Compl., ¶¶ 17–43.) The misconduct allegedly included using suggestive identification procedures and withholding from Plaintiff, his counsel, and the prosecution a report of a victim's identification as the perpetrator another individual who could not have been Plaintiff. In addition, Plaintiff claims that the Defendant Officers withheld the fact that one victim who viewed a lineup including

---

[1] Officer Jelks died before this action was filed. The claims alleging misconduct by Jelks are brought against Carla Pyle as special administrator of the Estate of John E. Jelks Jr. ("Jelks Estate).

2

Plaintiff told the Defendant Officers the robber was not in the lineup. Plaintiff further alleges in detail that the City of Gary allowed unconstitutional conduct on the part of its officers to flourish because of insufficient training, supervision, and discipline.

Plaintiff's convictions were overturned on January 25, 2016, and all charges against him were dismissed on January 28, 2016, after one of the eyewitnesses came forward and told of how Defendant Officers had manipulated the identification process. Plaintiff filed this suit on January 24, 2017.

Count I of the complaint sets out a due process claim under 42 U.S.C. § 1983, alleging that the Defendant Officers deprived Plaintiff of his constitutional right to a fair trial, in violation of the Fifth and Fourteenth Amendments and that the City's policy and practice of pursuing wrongful convictions by withholding exculpatory information, conducting unduly suggestive identification procedures, and fabricating inculpatory evidence were the moving force driving the constitutional violations. Count II alleges a conspiracy under § 1983 among the Defendant Officers and other City employees pursuant to the City's policy and practices to deprive Plaintiff of his constitutional rights. Count III alleges that the Defendant officers failed to prevent each other's violations of Plaintiff's constitutional rights. Count IV is a § 1983 claim that is labeled a malicious prosecution claim, but that Plaintiff now argues is a Fourth Amendment claim for unlawful seizure. Count V is a malicious prosecution claim brought under Indiana law. Counts VI and VII are state law claims against the Defendant Officers for intentional and negligent infliction of emotional distress. Counts VIII and IX are state law respondeat superior and indemnification claims against the City.

C.  **Discussion**

**(1)**  *Statute of Limitations*

Defendants Outlaw and Jelks Estate allege in their separate motions to dismiss that Plaintiff's claims are barred by Indiana's two-year statute of limitations for personal injury, Indiana Code § 34-11-2-4.  Such a claim is an affirmative defense, which is ordinarily not appropriate for decision on a motions to dismiss.  However, a statute of limitations defense may be adjudicated on a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the defense.  *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). That is not the case here.  In fact, it seems clear from the allegations of the complaint that most, if not all, of Plaintiff's claims did not accrue until his criminal conviction was overturned and the charges against him were dismissed in January 2016, so that the complaint filed in January 2017 is clearly timely.  Because Defendants have not shown that the Plaintiff has pleaded himself out of court by alleging everything necessary to establish the statute of limitations defense, the Court denies their motions to dismiss on that ground.

**(2)**  *Immunity Claims*

(a)  *Qualified Immunity*

The doctrine of qualified immunity shields defendants from civil liability under § 1983 so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Reasonableness is judged against the law at the time of the conduct. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Defendant Outlaw asserts that he is entitled to qualified immunity but doesn't make any cogent argument as to why this is so. Plaintiff directs the Court to *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008), which holds that in 1989 (the misconduct here was alleged to have occurred in 1992) there was no dispute that withholding exculpatory evidence, orchestrating an unfair identification procedure, and fabricating evidence, the wrongful conduct Outlaw is alleged to have engaged in, violates clearly established constitutional rights. Accordingly, his motion to dismiss on qualified immunity grounds is denied.

(b) *Indiana's Survival Statute*

Defendant Jelks Estate argues that Indiana's survival statute, Indiana Code § 34-9-3-1, bars some of Plaintiff's claims against it. While Defendant Jelks Estate's brief is not entirely clear, it appears that this argument is directed at Counts IV and V of Plaintiff's complaint. In Count IV, Plaintiff claims the Defendant Officers "exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff" without probable cause and caused him to be unreasonably seized, in violation of the Fourth Amendment and the due process component of the Fourteenth Amendment. In Count V he alleges that the Defendant Officers caused judicial proceedings to be initiated against him without probable cause, in violation of his rights under Indiana law.

Pursuant to 42 U.S.C. § 1988, state law governs survival of civil rights claims under § 1983. Section 1988 provides that federal law incorporates the law of the forum when federal law does not provide suitable remedies, so long as the state law is not inconsistent with federal law or the Constitution. The Supreme Court has held that, under § 1988, state statutory law provides

5

the principal reference point in determining survival of civil rights actions. *Robertson v. Wegman*, 436 U.S. 584, 589–90 (1978). Plaintiff makes no argument that the application of the Indiana survival statute is inconsistent with federal law or the Constitution, so the Court looks to that statute to decide whether Plaintiff's claims against Officer Jelks survive his death. *See Bentz v. Kendallville*, 577 F.3d 776, 778–79 (7th Cir. 2009).

To determine how to apply the statute, the Court would ordinarily have to determine what Indiana tort is most closely analogous to the § 1983 claim alleged in Count IV. *Id.* at 779. The candidates are state law malicious prosecution and false imprisonment, but because Indiana Code § 34-9-3-1 provides that neither a cause of action for malicious prosecution nor one for false imprisonment may be brought against the representative of a deceased party, the Court need not decide this question. Whether Count IV is considered most closely analogous to malicious prosecution or to false imprisonment, it is barred by the survival statute and Count IV must be dismissed as to Defendant Jelks Estate. The survival statute likewise bars Count V, the state law malicious prosecution claim, against the Estate.

(c)     *Immunities under the Indiana Tort Claims Act*

Plaintiff concedes that Count V, which sets out a state law claim for malicious prosecution, is barred by the Indiana Tort Claims Act ("ITCA.") Indiana Code § 34-13-3-3(6) provides that a governmental entity or an employee acting within the scope of his employment is not liable if a loss results from the initiation of a judicial process. Plaintiff has pleaded that the Defendant Officers were acting within the scope of their employment. Indiana courts have held that this provision bars claims for malicious prosecution against police officers. *See, e.g., Butt v.*

*McEvoy*, 669 N.E. 2d 1015, 1018 (Ind. Ct. App. 1996). It follows, then, that the same statute bars such claims against a governmental entity such as the City. Therefore, this claim will be dismissed as to all Defendants.

Another provision of the ITCA bars Plaintiff's state law claims against the Defendant Officers personally for intentional and negligent infliction of emotional distress. Indiana Code § 34-13-3-5(b) provides: "A lawsuit alleging that an employee acted within the scope of the employee's employment bars any action by the claimant against the employee personally." Thus, Counts VI and VII must be dismissed as to the Defendant Officers.[2] They can proceed on a respondeat superior theory against the City.

(d)     *Indiana Probate Law*

Defendant Jelks Estate argues that Indiana probate law bars Plaintiff's claims against it. Because his claims were filed more than nine months after Jelks's death, under Indiana Code § 29-1-14-1(d), he cannot recover from the assets of the Estate, but, under § 29-1-14-1(f) he can bring a tort action against the estate of a deceased tort feasor if it is brought within the limitation period of the tort. This means he could recover from any applicable insurance policy. *See Ind. Farmers Mut. Ins. Co. v. Richie*, 707 N.E.2d 992, 995 (Ind. 1999). And nothing in the authority cited by the Estate suggests that Indiana probate law would foreclose recovery from an entity that is vicariously liable for the torts of a deceased tort feasor. Thus, Plaintiff's claims against

---

[2]Plaintiff argues that these claims should not be dismissed because the City argues that the Officer Defendants were not acting within the scope of their employment. However, if Plaintiff wants to pursue the Officer Defendants individually, he must amend his complaint. *See* Ind. Code 34-13-3-5(b). ("However, it the governmental entity answers that the employee acted outside the scope of the employer's employment, the plaintiff may amend the complaint and sue the employee personally.")

7

the Estate will not be dismissed on the basis of Indiana Code § 29-1-14-1.

**(3)    *Jelks's Authority to Ensure a Fair Trial***

Defendant Jelks's Estate claims that Jelks, as a junior detective, was not responsible to see that Plaintiff had a fair trial, suggesting that this is the prosecutor's duty. But it is well settled that police officers share the prosecutor's constitutional obligation to disclose exculpatory evidence to a criminal defendant. *See Fields v. Wharrie*, 672 F.3d 505, 513 (7th Cir. 2012).

To support its argument, the Estate would have the Court consider miscellaneous documents and transcript excerpts from Plaintiff's criminal prosecution that were attached to its memorandum in support of its motion to dismiss. These papers are neither mentioned in the complaint nor central to it. Nor would it be appropriate to take judicial notice of these papers to establish the accuracy of facts asserted in them. *See Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, 99 F. Supp. 3d 899, 918 (E.D. Wisc. 2015) and cases cited therein. Therefore, they may not be considered on a motion to dismiss. *See Levenstein v. Salafsky*, 164 F.3d at 347. Furthermore, the Court declines to convert the Estate's motion to dismiss into a summary judgment motion. Accordingly, the Court will not consider the papers attached to the Estate's memorandum.

**(4)    *The Adequacy of Plaintiff's Factual Allegations.***

Instead of showing how Plaintiff's claims against them fail to allege claims that are plausible on their face, Defendants attempt to challenge the truth of the facts alleged, which, of course, is improper on a motion to dismiss. The allegations of the complaint must be accepted as

8

true. The complaint need only describe Plaintiff's claims in sufficient detail to provide fair notice of what the claims are and the grounds on which they rest. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). The detailed factual allegations set out in Plaintiff's twenty-three-page complaint easily meet this standard with regard to each remaining claim and each defendant. Accordingly, no claim will be dismissed on the ground that it was not adequately pleaded.

**D.     Conclusion**

For the foregoing reasons, the Defendants' motions to dismiss (DE 22, 27, and 29) are GRANTED IN PART AND DENIED IN PART. The Court DISMISSES the following: Count IV as to Defendant Jelks Estate only, Count V as to all Defendants, and Counts VI and VII as to the Officer Defendants individually.

SO ORDERED on May 31, 2018.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge