# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILLIE T. DONALD | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:17-CV-32-JVB-PRC |
| | ) |
| BRUCE OUTLAW, *et al.*, | ) |
|     Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Ruling on Inapplicability of Bankruptcy Stay [DE 74] filed by Plaintiff Willie T. Donald on December 4, 2018. No response to the motion was filed.

Defendant Bruce Outlaw has filed for bankruptcy in the Northern District of Indiana. In the instant motion, Plaintiff seeks a Court order declaring that Plaintiff's claims do not fall under the automatic stay provisions of 11 U.S.C. § 362(a) as applied to Defendant Outlaw's bankruptcy petition. There has been neither any attempt to stay this action pursuant to any bankruptcy petition, nor any indication that Defendant Outlaw is failing to comply with any obligations he may have in the instant litigation. Plaintiff admits that "[d]uring the entire pendency of this case, Outlaw has proceeded as if the stay did not apply . . . ." (Mot. at 12, ECF No. 74). Still, if Plaintiff is incorrect, then the instant matter should be stayed, so the question comes to the Court for resolution.

A petition for bankruptcy operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). Plaintiff maintains that this provision does not apply because his claims were not and could not have been brought before Defendant Outlaw filed his bankruptcy petition.

Plaintiff's four claims against Defendant Outlaw that remain pending in this case are all brought under 42 U.S.C. § 1983 and relate to an underlying criminal case brought against Plaintiff. Plaintiff alleges wrongful conviction and deprivation of a fair trial in that underlying case due to the withholding of exculpatory information, use of unduly suggestive identification procedures, and fabrication of inculpatory evidence.

On January 25, 2016, an order vacating Plaintiff's criminal conviction was issued by the Lake County, Indiana, Superior Court, and Plaintiff was granted a new trial. On January 26, 2016, Defendant Outlaw filed a Chapter 13 voluntary bankruptcy petition. On January 27, 2016, the Lake County, Indiana, Superior Court dismissed the criminal charges against Plaintiff. On January 28, 2016, Plaintiff was released from custody. On January 24, 2017, Plaintiff initiated this lawsuit.

Plaintiff asserts that his claims did not accrue until, at the earliest, the dismissal of the criminal charges against him on January 27, 2016. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court of the United States held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citation and footnote omitted). It is not sufficient for a conviction to be vacated; the case must also be terminated in the criminal defendant's favor. *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013) (citing *Heck*, 512 U.S. at 484).

Though Plaintiff's conviction was *vacated* on January 25, 2016, prior to the filing of Defendant Outlaw's bankruptcy petition, the matter was set for further proceedings and did not *terminate* in Plaintiff's favor until January 27, 2016. Plaintiff could not have brought the instant

suit against Defendant Outlaw until that date. Because Plaintiff could not have brought his claims before Defendant Outlaw petitioned for bankruptcy, the automatic stay provision of 11 U.S.C. § 362(a) doesn't not apply.

## CONCLUSION

Based on the foregoing and noting the lack of objection by Defendants, the Court hereby **GRANTS** Plaintiff's Motion for Ruling on Inapplicability of Bankruptcy Stay [DE 74] and **ORDERS** that the automatic stay provision of 11 U.S.C. § 362(a) doesn't not apply to this litigation.

So ORDERED this 21st day of December, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT