# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIE DONALD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-32-TLS-JPK |
| | ) | |
| BRUCE OUTLAW, *et al.*, | ) | |
|     Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on a Non-Party Prosecuting Attorneys' Amended Emergency Motion to Quash Subpoena & for Protective Order [DE 138] filed by Lake County Deputy Prosecutors Mark Watson and David Moore and former Lake County Deputy Prosecutor Kate O'Halloran (the "Deputy Prosecutors") on July 15, 2019. Plaintiff Willie Donald filed a response on July 15, 2019, and the Deputy Prosecutors filed a reply on July 22, 2019. For the reasons stated below and in open court, the Court denies without prejudice the motion to quash.

Donald brings a civil rights complaint due to his wrongful convictions in 1992 for murder and robbery. The Deputy Prosecutors ask the Court to quash deposition subpoenas served on them by Plaintiff on the basis that the subpoenas require the disclosure of privileged information and subject the Deputy Prosecutors to an undue burden.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to testify at a deposition and produce designated documents. Rule 45(d)(3)(A)(iv) requires a court to quash or modify a subpoena based on a timely motion if the subpoena subjects a person to an undue burden. Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request. *Uppal v. Rosalind Fraklin Univ. of Med. & Sci.*, 124

F. Supp. 3d 811, 813 (N.D. Ill. 2015). The party seeking to quash the subpoena bears the burden of proving that it is unduly burdensome. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

The broad scope of discovery, which applies to discovery requests sent to nonparties as well as parties, permits a party to seek information

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *Noble Roman's Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) ("The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45."). When a party seeks discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or is outside of the scope of discovery, the Court must limit discovery. Fed. R. Civ. P. 26(b)(2)(C).

Here, there are disputes regarding work product privilege, attorney-client privilege, and the burden that the proposed depositions would impose.

Donald and the Deputy Prosecutors have each identified a line of cases that agrees with their respective positions on the issue of work product privilege. However, neither side provides much analysis in terms of explaining why the Court should accept its chosen line of cases and reject the other side's line of cases, which may be due to the time constraints posed by the date of the motion's filing in relation to the proposed deposition dates. Additionally, even if the work product doctrine applies, the privilege is a qualified one. It is overcome when the material sought is otherwise within the scope of discovery and the party seeking the discovery "shows that it has

2

substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* at 26(b)(3)(A)(ii); *accord Boyer v. Gildea*, 257 F.R.D. 488, 491 (N.D. Ind. 2009). The Court is unable to determine, on the current briefing, whether it is possible to obtain the desired material from some other means.

Regarding attorney-client privilege, Donald asserts that *Brady* material is not protected by attorney-client privilege. The Deputy Prosecutors do not appear to directly refute this assertion, but they contend that Donald's questions around this area would "frequently cross the threshold" into matters protected by attorney-client privilege.

However, regarding matters of privilege, instead of disallowing a deposition, "[t]he more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary." *Armada (Singaporte) Pte Ltd. v. AMCOL Int'l Corp.*, 160 F. Supp. 3d 1069, 1071 (N.D. Ill. 2016) (quoting *Hunt Int'l Res. Corp. v. Binstein*, 98 F.R.D. 689, 691 (N.D. Ill. 1983)).

Setting the privilege arguments aside, the Court recognizes that there are areas of non-privileged lines of questioning, such as the Deputy Prosecutors' conversations with defense counsel. However, the Court is without the factual background necessary to determine whether the discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). For example, the Court does not know what information is in documents turned over in discovery or whether prior depositions in this case have addressed the same or similar questions. It would assist the Court if Donald explained what information he does not have and why he needs it. The Deputy Prosecutors need to explain why they believe Donald already has this information, where else he

could get this information (and whether that source is more convenient, less burdensome, or less expensive), or why he does not need the information.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES without prejudice** the Non-Party Prosecuting Attorneys' Amended Emergency Motion to Quash Subpoena & For Protective Order [DE 138].

A motion on the issues presented in the denied motion may be refiled only after meeting and conferring with opposing counsel regarding whether an agreed resolution of the disputes can be reached and only if the new motion provides additional factual and legal background as to the issues presented and states and supports its position regarding whether, as to the disputes regarding privilege only, the deposition should be allowed to taken with privilege being claimed as to particular questions, if necessary.

To provide time for conferral and, if necessary, the drafting of a motion that complies with this order, the Court **ORDERS** that, absent the agreement of Donald and the deponents, the depositions shall not take place until **on or after August 12, 2019**, and that, if such a motion is filed as to these depositions, the depositions shall not take place while that motion is pending.

So ORDERED this 24th day of July, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT