UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIE T. DONALD, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-32-TLS-JPK |
| ) | |
| BRUCE OUTLAW, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Clarification [DE 240] and Defendant City of Gary's Motion to Impose Sanctions Pursuant to Federal Rule 37(b)(2) [DE 241]. Plaintiff's motion seeks clarification of whether the Court's February 18, 2020 Opinion and Order (ECF No. 221) granting Defendants' Motion to Compel Disclosure/In Camera Inspection of Northwestern University Documents (ECF No. 146) required Plaintiff "to produce all documents on his Log of Privileged Documents even if they were not produced by Northwestern." (ECF No. 240, at 1). Specifically, Plaintiff seeks clarification of whether any documents on his privilege log that were produced in this litigation by his post-conviction counsel, Thomas Vanes, are subject to the Court's February 2020 rulings. In turn, the City of Gary's Motion to Impose Sanctions argues that Plaintiff's "refusal to fully comply with the Court's Opinion and Order on the Defendants' Motion to Compel" warrants sanctions under Fed. R. Civ. P. 37(b)(2). (ECF No. 241, at 1, 7).

For the following reasons, Plaintiff's Motion for Clarification [DE 240] is GRANTED to the extent there is any ambiguity regarding the applicability of this Court's February 2020 Opinion and Order to any documents produced by Attorney Vanes, as opposed to Northwestern. Specifically, the Court clarifies that Plaintiff is required to turn over documents produced by Attorney Vanes, if those documents meet the requirements for production set out in the Court's

February 2020 rulings.¹ The Court makes no specific ruling, however, regarding whether any documents produced by Attorney Vanes meet the requirements for production set out in the Court's February 2020 Opinion and Order or are protected by either the attorney-client privilege or work product doctrine. As explained below, any such claim of privilege or work product protection would require additional support from Plaintiff, and the Court expresses no view regarding any such claim on the current record. Such a determination may well turn on facts not addressed in either the briefing on the current motion or the briefing on the earlier motion to compel, and the Court declines to address an issue as important as a waiver of the attorney client privilege on a record that does not reveal key facts. Additionally, because Plaintiff may possibly retain a privilege or work product claim regarding the VANES documents under the Court's February 2020 Opinion and Order, and further clarification may be warranted to address this narrow issue, the Court DENIES WITHOUT PREJUDICE Defendant's Motion for Sanctions [DE 241] pending any later determination that any claim of privilege or work product by Plaintiff is determined to be frivolous.

## ANALYSIS

As noted, the Court's February 2020 Opinion and Order resolved Defendants' Motion to Compel Disclosure/In Camera Inspection of Northwestern University Documents (ECF No. 146), among other related motions. (ECF No. 221, at 1-2). That Motion to Compel sought production or in camera review of documents listed on "Plaintiff's Log of Documents Not Produced (as of 1/23/2019)" (then known as the "Amended Privilege Log"), which was attached as Exhibit 3 to

---

[1] Plaintiff indicated that he "offered to produce those 'VANES' documents overlapping with the Northwestern documents – namely: '(a) communications between Medill staff/students and Mr. Vanes; (b) Medill work product shared with Mr. Vanes (to the extent any such documents exist); and (c) documents in Mr. Vanes' files that already have been produced via the Northwestern production.'" (ECF. No. 240, at 5). To be clear, the Court sees no argument why such documents could be withheld given its prior rulings, and Plaintiff's agreement to produce them implicitly acknowledges the applicability of the Court's February 2020 Opinion and Order to any documents produced by Attorney Vanes. The Court nevertheless provides the additional clarification herein to resolve any remaining question.

2

the Motion to Compel. (ECF No. 146-3). Briefing on the instant Motion for Clarification now reveals that Plaintiff's counsel provided this log to Defendants in response to their request in December 2018 for a privilege log of documents withheld from a production subpoenaed from Northwestern University. (ECF No. 245-3). Accordingly, Defendants' Motion to Compel asked the Court to require Plaintiff "to provide the documents identified in Plaintiff's Amended Privilege Log and confirm that the complete document production from Northwestern University has been provided to Defense Counsel." (ECF No. 146, ¶ 14). But the motion also expressed some uncertainty regarding various stamping prefixes used on the documents produced by Plaintiff and in his Amended Privilege Log (including DON, NU-DONALD, NWGC, and VANES), and questioned whether the documents using those various prefixes were produced by Northwestern. (ECF No. 146, at 1 n.1). Plaintiff's counsel responded with a representation that the documents on the Amended Privilege Log with the prefix "VANES" were not produced by Northwestern, but rather by Attorney Vanes himself. (ECF No. 157, at 6 n.2). Based on that representation, Plaintiff asserted that the "VANES" documents were "not at issue" in Defendants' Motion to Compel. *Id*. Defendants' Reply acknowledged Plaintiff's claim that the VANES documents were produced by Attorney Vanes, and continued to press for production or in camera review of all documents listed on the Amended Privilege Log, including those with the prefix VANES. (ECF No. 159, at 6-7).

Briefing on the Motion to Compel also established that Donald executed several "Client Waiver of Attorney-Client Privilege" forms in 2007, which authorized his attorneys (including Attorney Vanes) to provide "any and all documents, exhibits and knowledge regarding [Donald's] case to Northwestern University students in David Protess' investigative journalism class and representatives of the Medill Innocence Project," "to prepare any reports that may be requested by Northwestern students in the class," and "to discuss any aspect of the case with the students or

3

representatives of the Medill Innocence Project." (ECF Nos. 170-5 to 170-8). These waivers also recited Donald's understanding that any information so disclosed "may be subject to re-disclosure by the Northwestern students" and "may not be protected by federal confidentiality rules." (*Id.*). As Plaintiff acknowledges, this Court's February 2020 Opinion concluded that Donald "failed to demonstrate any privilege for the attorney files that he agreed to provide to Medill pursuant to his privilege waivers," and "unequivocally waived the privilege as to the attorney files and information that he agreed to give to Medill with no assurance of confidentiality." (ECF No. 240, at 3 (quoting ECF No. 221, at 32)). The Court also found no work product protection for such documents, subject to any later claim by Plaintiff demonstrating that the requirements for work product protection were met for a potential subset of documents concerning Plaintiff's post-conviction proceeding. (ECF No. 221, at 31-32). The Court therefore granted Defendants' Motion to Compel to the extent it sought attorney files and information listed on Donald's Amended Privilege Log that Donald had agreed to give to Medill with no assurance of confidentiality. (*Id.*).

Plaintiff argues in the instant Motion for Clarification that these holdings apply only to the documents listed on Plaintiff's Amended Privilege log that were produced by Northwestern. Because the Court's rulings addressed attorney files and information that Donald agreed to provide to Northwestern's Medill School, Plaintiff reasons they do not apply to documents with the prefix "VANES," which Plaintiff maintains were instead produced by Attorney Vanes. As an initial matter, Defendants hotly dispute that the VANES documents were in fact produced by Attorney Vanes. Citing the December 2018 email from Plaintiff's counsel forwarding Plaintiff's original privilege log, Defendants argue that "Plaintiff conceded in his December 13, 2018 email that the privilege log, which included the documents bate stamped under the VANES moniker, was for the Northwestern documents." (ECF No. 241, at 8; ECF No. 244, at 3 (citing ECF No.

4

244-6)). Plaintiff, on the other hand, points to the assertion in his Opposition to Defendant's Motion to Compel that the VANES documents listed on his Amended Privilege Log were produced by Attorney Vanes (ECF No. 240, at 4 (citing ECF No. 157, at 6 n.2)), but offers no explanation in the instant briefing of the December 2018 email indicating that the documents listed on the original log were withheld from the Northwestern production. In any event, the Court need not determine here whether the VANES documents were produced by Northwestern, Attorney Vanes, or both, since the Court's February 2020 Opinion did not limit its privilege rulings to documents produced by Northwestern, but rather, to attorney files and information that Plaintiff "agreed to give to Medill with no assurance of confidentiality." (ECF No. 221, at 32).

Of course, if the VANES documents were produced by Northwestern, that fact would likely establish they were among those Plaintiff agreed to give Medill, and thus render them subject to the Court's February 2020 rulings. But even if the documents came instead from Attorney Vanes, that fact alone does not end the inquiry, particularly in light of Donald's explicit Waiver as to Attorney Vanes' files and information. (ECF No. 170-5). As explained in the Court's February 2020 Opinion, "confidentiality 'is a touchstone of the privilege,'" and thus, the proponent of the privilege must show "not only that the original communication was made with the expectation of confidentiality, but also that the confidential nature of the communication was not compromised by disclosure to individuals outside the attorney-client relationship." (ECF No. 221, at 15-16 (quoting *Am. Senior Cmtys., L.L.C. v. Burkhart*, No. 1:17-cv-3273, 2019 WL 6170064, at *4 (S.D. Ind. Nov. 19, 2019); *Barton v. Zimmer, Inc.*, No. 1:06-CV-208, 2008 WL 80647, at *5 (N.D. Ind. Jan. 7, 2008)). Yet Plaintiff offers nothing to show the VANES documents were maintained in confidence other than an unsupported assertion of counsel that they "were not disclosed to Northwestern." (ECF No. 245, at 7). Given Plaintiff's privilege Waiver as to Attorney Vanes' files

5

and information (ECF No. 170-5), and several other exhibits indicating that Medill students repeatedly visited Vanes' office and were provided access to various documents there (ECF Nos. 170-10, 170-13, 170-17), this bare assertion is insufficient to demonstrate that any documents produced by Attorney Vanes were maintained in confidence sufficient to preserve any privilege. Nor is the Court able to determine on this record whether these documents contain subject matter for which the privilege has been waived by disclosure in other documents. *See Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Cir. 2012) ("Generally, a party that voluntarily discloses part of a conversation covered by the attorney-client privilege waives the privilege as to the portion disclosed and to all other communications relating to the same subject matter.").

Any suggestion of work product protection for the VANES documents is similarly unsupported on the current record. For instance, Plaintiff's Amended Privilege Log fails to demonstrate the initial requirements for work product protection, including "some articulable claim, likely to lead to litigation" at the time the documents were created, and "a clear description of the connection" between the documents and the anticipated litigation. *Finnegan v. Myers*, No. 3:08-cv-503, 2014 WL 12789809, at *5 (N.D. Ind. Feb. 18, 2014) (quoting *Binks*, *Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)). Moreover, while "disclosure of some documents does not necessarily destroy work-product protection for other documents of the same character," such protection may be waived where the disclosure of work product "substantially increased the opportunities for potential adversaries to obtain the information." *Appleton Papers*, 702 F.3d at 1025. And as noted above, the record contains evidence that Plaintiff agreed to disclosure of Attorney Vanes' files and information with no assurance of confidentiality, and that Medill students were provided access to various documents at his offices. (ECF Nos. 170-5, 170-10, 170-13, 170-17). But none of this is intended to suggest that Plaintiff is foreclosed from making

6

a work product or privilege claim as to the VANES documents. Perhaps Plaintiff may be able to show that his waiver does not apply to those documents or that they were maintained in confidence and otherwise meet the requirements for the attorney-client privilege and/or work product protection. The Court observes only that the current record lacks support for such claims and instead contains at least some evidence working against them.

Thus, Plaintiff's Motion for Clarification is granted is GRANTED to extent there is any ambiguity regarding the applicability of this Court's February 2020 Opinion and Order to any documents produced by Attorney Vanes, as opposed to Northwestern. Plaintiff should turn over documents produced by Attorney Vanes, if those documents meet the requirements for production set out in the Court's February 2020 rulings. (*See*, *e.g.* ECF No. 221, at 14-29). This leaves only Defendant City of Gary's Motion to Impose Sanctions, which argues that Plaintiff "is now failing to comply with the Court's Opinion and Order on the Defendants' Motion to Compel." (ECF No. 241, at 1). But for the parties' recent dispute regarding whether the VANES documents were produced by Northwestern, the Court might agree, as that fact likely would have resolved any privilege or work product claim against Plaintiff. But given that dispute, the Court agrees with Plaintiff that clarification regarding whether the VANES documents are subject to the Court's February 2020 rulings is warranted. The Court therefore concludes that imposing sanctions against Plaintiff for delaying production of the VANES documents while seeking clarification on that issue would be improper. Accordingly, Defendant's Motion to Impose Sanctions is denied without prejudice to seeking such relief in the event Plaintiff later asserts a privilege or work product claim that is determined to be frivolous. This is not to say, however, that Defendants should respond to *any* additional privilege or work product claim by Plaintiff with a motion for sanctions. In general, it would be prudent to litigate such an issue before compounding it with a sanctions request.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Clarification [DE 240] to extent there is any ambiguity regarding the applicability of this Court's February 2020 Opinion and Order to any documents produced by Attorney Vanes, as opposed to Northwestern. The Court also **DENIES WITHOUT PREJUDICE** Defendant City of Gary's Motion to Impose Sanctions [DE 241] with leave to be reasserted in the event any later claim by Plaintiff of privilege or work product protection is determined to be frivolous.

So ORDERED this 22nd day of September, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT