**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

WILLIE T. DONALD,                         )
                    Plaintiff,            )
                                          )
         v.                               )   CAUSE NO.: 2:17-CV-32-TLS-JPK
                                          )
BRUCE OUTLAW, *et al.*,                   )
                    Defendants.           )

**OPINION AND ORDER**

This matter is before the Court on Defendant City of Gary's Second Motion for Protective

Order for the 30(b)(6) Deposition of the City of Gary [DE 256] and Motion to Deem Admitted the

Plaintiff's Responses to the City's Requests for Admission [DE 260].[1] The first motion seeks a

protective order precluding two disputed topics included in Donald's Rule 30(b)(6) notice and

striking the document rider included with that notice, and the second motion seeks an order

deeming certain requests for admission propounded to Donald admitted. For the reasons explained

below, both motions are granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Willie Donald brought this action in January 2017, asserting claims under 28

U.S.C. § 1983 for due process violations and other federal and state law relating to his 1992

convictions for murder and robbery. (Compl., ECF No. 1). According to his complaint, those

convictions "rested solely on two false eyewitness identifications that Defendants fabricated and

manipulated" after "Defendants developed information which conclusively established that Mr.

Donald was not the perpetrator seen by one of the eyewitnesses," and "deliberately suppressed this

---

[1] Although the City's motion for protective order (ECF No. 256) was initially filed as an emergency motion, the parties agreed during a hearing on the motion held shortly after it was filed that it could be treated on a non-emergency basis pursuant to an agreement to extend the discovery schedule to allow for the Rule 30(b)(6) deposition to which it pertains. (ECF No. 259).

exculpatory evidence and focused singularly on Mr. Donald, causing his wrongful conviction." (*Id*. at ¶¶ 2-3, 73). As a result, Donald alleges, he served nearly 24 years of a 60-year sentence before his convictions were vacated in January 2016. (*Id*. at ¶¶ 4, 73). The discovery now at issue concerns allegations of other civil rights violations against the Gary Police Department, and the investigations of the murder and robbery for which Donald was convicted, as well as three other robberies reported in the same neighborhood the same evening (February 27, 1992).

## ANALYSIS

### I.     The City's Motion for Protective Order Regarding Plaintiff's 30(b)(6) Notice

According to Donald's complaint, several robberies were committed in the Glen Park neighborhood of Gary, Indiana on the evening of February 27, 1992, one of which involved the shooting death of Bernard Jimenez, witnessed by his fiancé Kimberly Belinsky, for which Donald was later charged and convicted. (ECF No. 1, ¶¶ 12-14, 51, 73). Donald's briefing on the instant motions explains that the Jimenez murder occurred on the 4600 block of Massachusetts Street. (P's Resp. at 4, ECF No. 262). Donald's Complaint further alleges that another woman, Rhonda Williams, also reported a robbery and home invasion that evening, and "gave police a similar description" of the assailant as was provided by Ms. Belinsky (a black male, between 5' 6" and 5' 7" tall, with bad skin, wearing a black leather jacket and a black cap). (ECF No. 1 at ¶¶ 14-15, 19). Donald's briefing places this incident in Ms. Williams' home on the 4400 block of Connecticut Street. (ECF No. 262, at 4). Donald further alleges that a third robbery, of Mary Banks and her daughter (Sonya Thomas), was also reported a few blocks away the same evening, and that Ms. Banks "also gave a similar description, noting that the robber wore black clothing and had a scarred complexion," and "reported that the robber stated he had just shot someone." (ECF No. 1, ¶ 16; *see also* ECF No. 256-11, at 28). Donald's briefing places this

incident on the 4800 block of Pennsylvania street. (ECF No. 262, at 4). And finally, Donald's briefing lists two more robberies reported in the same neighborhood the same evening, by Tisa Johnson and Christina Cullum, on the 3900 block of Virginia Street. (*Id.*).

Donald was charged with and convicted of two of these five crimes – the murder of Bernard Jimenez and the robbery of Rhonda Williams – until those convictions were vacated in January 2016. (ECF No. 1, ¶¶ 4, 51, 73). Donald denies having committed these crimes and contends that the same person who committed the remaining three robberies on February 27, 1992 (of Tisa Johnson, Christina Cullum, and Mary Banks and her daughter Sonya Thomas) also committed the murder of Bernard Jimenez and robbery of Rhonda Williams. (ECF No. 262, at 2). Donald further contends that Defendants Outlaw and Jelks "shared that same theory" until one of the other three robbery victims "identified someone other than Plaintiff as her assailant," and another victim "definitely stated that Plaintiff was not the person who robbed her" when she viewed him in a lineup; but Defendants then failed to disclose the identification of another suspect prior to Plaintiff's trial, as well as certain "improper suggestive techniques" allegedly used to obtain identifications of Plaintiff. (*Id*. at 2, 4-5; ECF No. 1, ¶¶ 22-23). The two 30(b)(6) topics now at issue (Nos. 13 and 14) and accompanying document rider seek documents and testimony regarding the investigation of these three other crimes for which Donald was never charged and any other similar allegations of investigative misconduct against the Gary Police Department.

### A.    30(b)(6) Topic 13

The first disputed 30(b)(6) topic (Topic No. 13) seeks information relating to the investigations of the robberies of Tisa Johnson, Christina Cullum, Mary Banks, and Sonya Thomas on February 27, 1992. (ECF No. 262, at 1-2).[2] According to Donald, if Gary Police stopped

---

[2] Topic No. 13 reads as follows: "The status of, and all information related to, the investigations of the February 27, 1992 robberies of Tisa Johnson, Christina Cullum, Mary Banks and Sonya Thomas, including the identities of any

investigating these robberies after Donald was charged or convicted, that suggests they believed those crimes were related to the Jiminez murder and Williams robbery for which Donald was convicted, and the failure of the other robbery victims to identify Donald as their assailant similarly exculpated him from the Jiminez murder and Williams robbery; and to the extent Gary Police did investigate the other robberies and located evidence pointing to another suspect, that too would be exculpatory. (ECF No. 262, at 1-2). Donald maintains Topic 13 relating to these other three robberies is therefore "critical" to his due process claims, and that "Defendants have not produced any investigative files or police reports directly related to the robberies of Tisa Johnson, Christina Cullum, Sonya Thomas or Mary Banks," or "any documents related to: (a) the failure of other victims to identify Plaintiff as the person who robbed them; or (b) at least one other victim's identification of someone other than Plaintiff." (*Id*. at 5-6).

The City disputes the relevance of these "ancillary robberies" because they "were not mentioned in the January 25, 2016, Findings of Fact and Conclusions of Law" that vacated Donald's convictions. (D's Reply at 3, ECF No. 265; ECF No. 260-1, at 67-71). The City also argues that discovery relating to their investigations "would not show that the Defendants withheld exculpatory evidence" because Donald's criminal trial counsel "mentioned the robberies during his opening statement and cross examination of Officer Outlaw," and indicated during that questioning "that he was provided documents regarding those robberies." (*Id*. at 4). Thus, according to the City, "information regarding the robberies of Johnson, Cullum, Banks, and Thomas were provided to the Plaintiff's defense counsel prior to the criminal trial," and "he was never charged, convicted, or a suspect in those crimes," so they have "no bearing on the issues in

---

suspects or witnesses, the date(s) on which any detective was assigned to the investigation, the date(s) on which any suspect or witness was interviewed, the date on which any arrest was made, and the date(s) on which any investigation was closed." (ECF No. 256-2, at 9-10).

this case and should be removed as a topic from the Plaintiff's Seventh Amended Notice of Rule 30(b)(6) Deposition." (*Id*.). These arguments fail for two reasons.

First, as even the City acknowledges, Donald's Complaint expressly alleges that the Banks robbery occurred in the same neighborhood as the crimes for which Donald was charged, that Ms. Banks did not identify Donald in a lineup, and that this information was withheld from Donald prior to trial. (ECF No. 1, at ¶¶ 16, 42-43; ECF No. 265, at 3). The relevance of at least one of the "ancillary robberies" is thus demonstrated on the face of Donald's Complaint, and those allegations render Donald's theory that the other two robberies in the same neighborhood the same evening may have produced similarly exculpatory information that was withheld prior to his trial relevant as well. And while these other robberies may not have factored into the court decision that vacated Donald's convictions, his claims in the instant case are broader than the basis for that decision, as Donald's Complaint demonstrates. Similarly, the City's assertion that Donald's criminal trial counsel "was provided documents regarding those robberies" (ECF No. 265, at 4) fails to demonstrate whether any or all potentially exculpatory information uncovered during their investigations was produced to Donald or when any such production occurred. The City's assertion that "the investigations of the robberies of Johnson, Cullum, Banks, and Thomas would not lead to other evidence" (*id*. at 3) is therefore unsupported on the current record.

Second, while the City also generally asserts that the information sought in Topic 13 is "not proportional to the needs of the case," it fails to show how or why it would be burdensome to produce. (ECF Nos. 256, 265). As the party opposing discovery and seeking a protective order, the City "bears the burden of showing good cause exists for the order," including "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Frazier v. United States, Dep't of Veteran's Affairs*, No. 1:19-cv-00019, 2019 WL 5418119, at *2, 4 (N.D. Ind. Oct. 23,

2019) (quoting Fed. R. Civ. P. 26(b)(1)). "Conclusory statements of hardship are not sufficient to carry this burden." *Id*. (quoting *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. May 10, 2007)). Nor does the Court perceive such hardship in relation to the deposition topic (the related document rider is addressed below), given that "Rule 30(b)(6) is not designed to be a memory contest." *See Bierk v. Tango Mobile*, No. 19 C 5167, 2021 WL 698479, at *3 (N.D. Ill. Feb. 23, 2021) (collecting decisions); *Walker v. City of North Las Vegas*, 2:14–cv–01475, 2017 WL 4467538, at *2 (D. Nev. Oct. 5, 2017) (same); *DarbeeVision, Inc. v. C&A Marketing, Inc.*, No. CV 18-0725, 2019 WL 2902697, at *7-10 (C.D. Cal. Jan. 28, 2019) ("even if documents exist that theoretically could be used to prepare a witness, if the information is so technical or so detailed that even a prepared witness could not be reasonably be expected to keep the information in his or her memory, then the inability to respond may be acceptable").

Accordingly, the City has failed to meet its burden to show that the burden or expense of the discovery sought in Topic 13 outweighs its likely benefit, and in turn, that good cause for a protective order exists. For these reasons, the Court denies the City's motion for protective order as to Donald's 30(b)(6) Topic No. 13. The City is directed to prepare and produce a witness as to that topic within 60 days of this Order.

## B.    30(b)(6) Topic 14

Topic No. 14 of Donald's 30(b)(6) Notice seeks information regarding how the City and Police Department addressed allegations of criminal conduct or civil rights violations against Gary Police Officers in connection with their official duties during the period January 1987 through December 1992, including any related disciplinary proceedings and discipline imposed.[3] Donald

---

[3] Topic No. 14 reads as follows: "For the period January 1, 1987 through December 31, 1992, the way in which the Gary Police Department and/or the City of Gary addressed alleged criminal conduct and/or civil rights violations of Gary Police Department officers committed in the course of or connection with their official duties, including

contends the information sought in this topic "relates to Plaintiff's *Monell* claim, which alleges, inter alia, that Defendant's failure to properly discipline Gary Police Department officers fostered a culture where officers believed they could act with impunity, as they did in Plaintiff's case." (ECF No. 262, at 3). Donald also notes that "the Supreme Court and the Seventh Circuit have required plaintiffs to satisfy stringent evidentiary requirements in order to succeed on *Monell* claims," and argues that the information sought in Topic 14 is therefore "critical" to his ability to prove his *Monell* claim here. (*Id*. at 3, 10).

The City opposes Topic 14 as unduly broad, overly burdensome, and lacking the "reasonable particularity" requirement of Fed. R. Civ. P. 30(b)(6). (ECF No. 256, ¶¶ 44-46). It argues this topic would improperly require testimony about crimes that were "potentially committed" by Gary Police, and that "having the City's designee(s) testify about the complete disciplinary proceedings associated with every crime and/or civil rights violation potentially committed by a City's police officer from 1987-1992 would be unreasonably taxing." (*Id*.). According to the City, Topic 14 "is merely a desperate attempt by the Plaintiff to obtain the information he could not acquire from the FBI due to the Court's ruling that the request was overly broad, unduly burdensome, and sought information with 'little bearing on [the Plaintiff's] claims.'" (ECF No. 265, at 6 (citing ECF No. 256-5, Request No. 3, and quoting ECF No. 229, at 10). But the City misperceives the Court's prior rulings on Donald's subpoena to the FBI in several respects.

For one thing, the subpoena request previously quashed by this Court to which the City now compares Topic 14 sought documents from the FBI, not testimony from a party, and the Court's ruling expressly considered the FBI's non-party status when assessing the reasonableness of the burden imposed by the subpoena. (ECF No. 156, at 7, 18; *see also* ECF No. 229, at 11). The

---

disciplinary proceedings commenced in connection with such allegations, the results of any such proceedings and any discipline imposed." (ECF No. 256-9, at 9).

subpoena request was also broader than Topic 14 insofar as it sought documents relating to "suspicion of actual or potential criminal conduct or civil rights violations" by Gary Police, and was not limited to their official duties. (ECF No. 156, at 2). Contrary to the City's argument, Topic 14 "does not seek information on any potential violations of law committed by a police officer," as even Donald acknowledges. (ECF No. 262, at 12). The topic instead seeks information regarding how the City and Police Department addressed allegations of criminal conduct or civil rights violations, and the results of any related disciplinary proceedings. (ECF No. 256-9, at 9). Moreover, even though Donald's prior subpoena request was broader, the Court still acknowledged that the information it sought "may well be relevant to Donald's claims" and that "his need for some of it [was] valid," as well as the possibility that he might obtain the requested information "from other sources." (ECF No. 156, at 20; ECF No. 229, at 22). One such alternative source is the 30(b)(6) testimony now sought.

The City's repeated claim that Topic 14 is "unduly burdensome" is also unpersuasive. While the City complains that testimony "about the complete disciplinary proceedings" described in Topic 14 would be "unreasonably taxing" (ECF No. 256, ¶ 45), the Court has already acknowledged that memorization of such detail would not be expected. "There is no requirement that a Rule 30(b)(6) witness memorize thousands of pages of documents and be able to recall in exacting detail the minutia of such voluminous records." *Bierk*, 2021 WL 698479, at *3; *Bell v. Pension Comm. Of ATH Holding Co.*, No. 1:15-cv-2062, 2018 WL 7350951, at *4 (S.D. Ind. Aug. 6, 2018) ("Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, there must be a limit to the specificity of the information the deponent can reasonably be expected to provide." (quoting *U.S. ex rel. Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006)). Nor has the City shown why reasonable preparation of a witness

regarding how it and the Police Department addressed alleged police criminal conduct or civil rights violations, and the results of any related disciplinary proceedings, would be unduly burdensome. (*See* ECF No. 256, 8-9; ECF No. 265, at 5-7). As explained above, conclusory allegations of burden will not suffice. *Frazier*, 2019 WL 5418119, at *2. Accordingly, the City has again failed to meet its burden to show good cause for a protective order regarding this topic. The City is therefore directed to prepare and produce a witness as to Topic 14 within 60 days.

### C.    The Document Rider

In addition to deposition Topics 13 and 14, the City also opposes the document rider accompanying Donald's 30(b)(6) Notice, which states as follows:

> The person(s) designated pursuant to this Notice should produce, at least two (2) days prior to the deposition, any and all documents in their possession, custody or control: (a) described in the above topics; (b) reviewed or otherwise used by the designee(s) in connection with this Notice and/or in connection with preparing for the scheduled deposition; and (c) upon which the designee(s) would need to rely to respond to questions regarding any of the above topics. In lieu of producing documents, person(s) designated may identify documents previously produced by Bates number or other identifying mechanism.

(ECF No. 256-9, at 10). The City objects that this request fails to describe the documents sought with "reasonable particularity," and to its instruction to "identify documents previously produced by Bates number or other identifying mechanism." (ECF No. 256, ¶¶ 48-50).

During briefing on the instant motion, Donald agreed to withdraw subpart (c) of this request, acknowledging that documents "upon which the designee(s) would need to rely to respond to questions" is subsumed by subpart (b)'s request for documents "reviewed or otherwise used by the designee(s) in connection with this Notice and/or in connection with preparing for the scheduled deposition." (ECF No. 262, at 13-14). That concession is sensible also, since "it would have been impossible to predict every question within [a] topic," for which a designee might need documents to reference. *See Bell*, 2018 WL 7350951, at *4. Unfortunately, however, the request

in subpart (b) does nothing to address the City's specificity objection, since it similarly fails to describe "with reasonable particularity" any "category of items" to be produced as Fed. R. Civ. P. 34 requires.[4] The Court therefore sustains the City's specificity objection as to both subparts (b) and (c) of Donald's document rider, and enforces only subpart (a), which seeks documents "described in" Donald's various Rule 30(b)(6) deposition topics.

Although the City objects generally to Donald's document rider as lacking "reasonable particularity," it makes no effort to explain why subpart (a) is insufficiently specific in its reference to the subject matter of each 30(b)(6) deposition topic, all but two of which have been agreed. (ECF No. 256, ¶ 49; ECF No. 265, at 7-8). *See also Pyour BV v. Ingredion Inc.*, No. 15 CV 8690, 2018 WL 11219969, at *2 (N.D. Ill. Mar. 14, 2018) (enforcing document rider as to any agreed 30(b)(6) topics not already produced). Moreover, it is reasonable for Donald to seek documents related to each 30(b)(6) topic, both for purposes of discovery and for use during the deposition to aid the witness as needed. *See Bell*, 2018 WL 7350951, at *4 (denying motion to reopen 30(b)(6) deposition as to unanswered questions where "Plaintiff's counsel refused to provide the deponent with a specific exhibit and, instead made the decision to ask the deponent to testify as to his recollection"). To the extent production of "any and all documents" related to a given 30(b)(6) topic is unduly burdensome (such as Topic 14 regarding disciplinary proceedings), the parties are

---

[4] Rather than describe any category of documents by subject matter, subpart (b) seeks documents "reviewed or otherwise used by the designee(s) in connection with this Notice and/or in connection with preparing for the scheduled deposition." In addition to its lack of reasonable particularity, such a request potentially implicates work product concerns insofar as it seeks to learn which Documents the City's counsel "considers to be significant in this case." *Africano v. Atrium Med. Corp.*, No. 17 CV 7238, 2019 WL 1294642, at *2 (N.D. Ill. Mar 21, 2019); *see also Zimmer, Inc. v. Stryker Corp.*, NO. 3:14-cv-152, 2016 WL 11033917, at *6 (N.D. Ind. Feb. 22, 2016) ("Supporting documents presented to a deponent by counsel in preparation for a deposition represent the mental impressions of the attorney and are therefore protected work product."). There is no need for such a request, however, given the Court's enforcement of subpart (a) of Donald's document rider, which seeks documents described in his 30(b)(6) topics. *See Africano*, 2019 WL 1294642, at *2 (rejecting request for documents reviewed in preparation for deposition where such documents were already produced in litigation). As subpart (a) will afford Donald documents related to the 30(b)(6) topics, there is no need for the City to identify or produce separately the documents reviewed by its designees in preparation for the deposition.

directed to meet and confer regarding a more reasonable limitation, such as "documents sufficient to show" the subject matter requested.

This leaves only the City's objection to the document rider's request to "identify documents previously produced by Bates number or other identifying mechanism." This objection is sustained in part. Federal Rule of Civil Procedure Rule 34(b)(2)(E)(i) requires a party to "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." To the extent the City now produces documents in response to the document rider as kept in the usual course of its business, there is no additional requirement to "label them to correspond to the categories in the request." *See 7E Fit Spa Licensing Group LLC v. 7EFS of Highlands Ranch, LLC*, 1:15-cv-01111, 2016 WL 9804792, at *9 (S.D. Ind. Oct. 24, 2016) ("Fit Spa seems to be requesting that Defendants do both, which is not required by the rule."). To the extent documents are not produced as usually kept, they should be labelled accordingly. But this requirement does not apply to the City's past productions, as Donald has not demonstrated any prejudice relating to the organization of such productions, or otherwise demonstrated that the benefit of such labeling outweighs the burden on the City to perform it. (ECF No. 262, at 13). *See also Excel Enters., LLC v. Winona PVD Coatings, LLC*, 3:16-cv-19, 2017 WL 655861, at *4 (N.D. Ind. Feb. 7, 2017) (relieving party of requirement to label past production where receiving party failed to demonstrate benefit outweighed burden of doing so). The Court is confident that Donald's counsel has sufficient command of the City's past productions to identify the documents related to his 30(b)(6) topics without further identification from the City.

## II.    The City's Motion to Deem Admissions in Response to its Requests for Admission

Before turning to the specific requests at issue, it is necessary to address the parties' general disputes regarding the requirements for requests for admission under Federal Rule of Civil

Procedure 36, responses to them, and a motion to deem requests admitted. Starting with their basic requirements, Donald correctly argues that requests for admission should be "simple and direct so that they can be admitted or denied with little or no explanation or qualification." (P's Response at 3, ECF No. 268 (citing *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04 C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006)); *see also Black v. Friedrichsen*, No. 1:19-cv-307, 2021 WL 164797, at *8 (N.D. Ind. Jan. 19, 2021) (same, quoting *Sommerfield v. City of Chi.*, 251 F.R.D. 353, 355 (N.D. Ill. 2008)). But as Donald also acknowledges, a request for admission under Rule 36 serves not merely as a discovery device, but "to identify what facts the parties do and do not dispute." (ECF No. 268, at 3). Rule 36 thereby allows the parties "to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Sommerfield*, 251 F.R.D. at 355 (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987))). Thus, the answering party "must fairly respond to the substance of the matter" and "specifically deny" the request "or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). An answering party "may assert lack of knowledge or information as a reason for failing to admit or deny," but "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*.

The Rule also allows a party to "qualify an answer or deny only a part of a matter" when "good faith requires," but the answer must also "specify the part admitted and qualify or deny the rest." *Id*. Given this explicit allowance for qualification of an answer, the Court rejects the City's argument that its requests for admission should be deemed admitted where Donald's responses included statements regarding "Plaintiff's position in this lawsuit," such as assertions "that the Defendants withheld exculpatory evidence and used suggestive identification techniques." (D's

Reply at 7, ECF No. 269). *See also Climco Coils Co.*, 2006 WL 850969, *1 ("Sometimes an admission may necessitate qualification when the request is technically true, but an explanation is needed to cure improper inferences."). The Court also disagrees with the City's assertion that all of its requests should be deemed admitted because Donald provided both answers and objections in response to each request. (ECF No. 269 at 6 and n.4). *See also Ham-Let, USA, Inc. v. Guthrie*, No. 3:18-CV-679, 2019 WL 10734739, at *4 (M.D. Ala. May 17, 2019) ("A party responding to a request for admission may both answer and object to the request. . . . The fact that Defendants also lodged objections to each request does not vitiate their answers.") (collecting decisions). That said, the Court agrees with the City that many of Donald's objections are unsupported. Indeed, although Donald asserted privilege, work product, relevance, hearsay, and best evidence objections to many of the City's requests (ECF No. 260-2), he defended none of those objections in his response to the instant motion. (ECF No. 268). *See also Miller v. City of Plymouth*, 2:09–CV–205, 2011 WL 1884536, at *3 (N.D. Ind. May 18, 2011) (overruling best evidence objections "because the issue before the Court is not one of original versus duplicate copies of a document and because the requests to admit do not seek to prove the content of the writings in the absence of an original"). These objections are therefore overruled.

The Court also rejects Donald's repeated objection "that it is improper to seek to have a party confirm the contents of a written document he did not prepare." (ECF No. 268-2). Contrary to Donald's argument, *Mason v. Smithkline Beecham Corp.*, No 05-cv-1252, 2007 WL 781758 (C.D. Ill. Mar. 12, 2007), did not hold that requests which "call for interpretation of documents" are per se improper, only that the requests in that case were improperly "phrased with loaded conclusions and characterizations" that "more resemble leading questions on cross examination before a jury than Rule 36 requests to admit." *Id*. at *5. Provided the request is otherwise proper,

13

seeking a conclusion about a document or its contents is allowed. *See Miller*, 2011 WL 1884536, at *3 ("A request for admission as to the meaning of a document is simply a request for defendant's admission of having understood the meaning set forth by plaintiff. This may be simply admitted or denied by defendant; if denied, the response need not, but may, include defendant's alternative interpretation." (brackets, ellipses omitted, quoting *Diederich v. Dep't of Army*, 132 F.R.D. 614, 617 (S.D.N.Y.1990)). Requests seeking "the application of law to fact" or an opinion regarding such an application are also expressly authorized by Rule 36, *id*. at * 1 (citing Fed. R. Civ. P. 36(a)(1)(A)), although Donald is correct that requests seeking a pure conclusion of law are improper. (D's Response at 3, ECF No. 268). *See also Black*, 2021 WL 164797, at *7-8; *Sommerfield*, 251 F.R.D. at 355.

Donald also argues that the City's motion should be denied because it "comes 18 months after Donald responded to its requests for admission," and cites only three exemplary requests and responses without explaining how Donald's responses to the remaining requests are insufficient. (ECF No. 268, at 4-5). According to Donald, the Court "should not consider the City's half-hearted argument," and should deny the motion "for lack of diligence." (*Id*. at 5 (quoting *Whole Woman's Health Alliance v. Hill*, No. 1:18-cv-01904, 2020 WL 1028040, at *2 (S.D. Ind. Mar. 2, 2020) ("When a party believes that an answering party has inadequately responded to requests for admission, but lacks diligence in timely pursuing the perceived inadequacies, a motion to determine the sufficiency of an answer should be denied for lack of diligence.")). The Court agrees that the City's motion contained less detail in many instances than it should have, and warns both sides that future motions to compel will be denied to the extent they fail to support any request sought to be compelled and explain why additional information is needed and subject to production. But as the City argues, despite the brevity of its motion, the examples it provided

14

nevertheless allowed Donald to respond as to each request for admission, and the City in turn replied to those arguments. (ECF No. 269, at 5 and n.3; ECF No. 268, at 5-10). The record also shows that the parties were still negotiating Donald's responses to the requests just weeks before the motion was filed (ECF Nos. 260-6, 260-7), suggesting that the motion might have been premature if filed earlier. Moreover, Donald's own authority teaches that the denial of such a motion for lack of diligence lies within the Court's "broad discretion." *Whole Women's Health*, 2020 WL 1028040, at *2. Thus, as in *Whole Women's Health*, the Court similarly considers that no trial date has been set, Donald also continues to pursue outstanding discovery items, and Donald has failed to demonstrate any prejudice resulting from allowing the City to do the same. For these reasons, any lack of diligence by the City in filing the instant motion is excused.

Accordingly, the Court will address each of the requests for admission that the City seeks to compel (Nos. 1-25) in order to advance the litigation and avoid further delay. But the Court rejects the City's further argument that allowing Donald "the opportunity to amend his responses . . . would only delay the issue further," and the Court should therefore order that each of the City's requests "be deemed admitted." (D's Reply at 2 n.1, ECF No. 269). While the City's delay in filing the instant motion should not deprive it of relief, nor should it serve as a reason to deem its requests admitted.[5] With this background in mind, the Court now rules on each request and response as explained below. To the extent an objection is not addressed specifically, it is overruled for the reasons explained above. To the extent the parties are required to meet and confer on any issue, they must do so within fourteen days of this Order. And to the extent a supplemental response is required, Donald must serve a compliant response within thirty days of this Order.

---

[5] Moreover, even if the Court were to deem facts admitted, it would have to consider any motion under Federal Rule of Civil Procedure 36(b) to permit the withdrawal or amendment of the admission. At this state in the litigation, granting such relief would promote presentation of the merits and have little prejudice on Defendants.

**Request No. 1** asks Donald to admit "that the murder of Bernard Jimenez and the robberies of Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming) occurred on February 27, 1992." Donald's response states that he "can neither admit nor deny the request," but fails to state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny" the dates of these crimes. Fed. R. Civ. P. 36(a)(4). Moreover, Donald's briefing on the instant motions states his position that these crimes did take place on February 27, 1992, in support of his theory that the person who committed them also committed the three other robberies in the same neighborhood the same evening. (*See* ECF No. 262, at 2-4). To the extent Donald wishes to qualify his answer by stating that he did not commit these crimes and therefore denies personal knowledge of them, he may do so. But Donald is nevertheless required to address directly whether the murder of Bernard Jimenez and the robberies of Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming) occurred on February 27, 1992, and "specify the part admitted" and "deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Fed. R. Civ. P. 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion of the request, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny," *id*., bearing in mind that his own briefing suggests that he does have sufficient information.

**Request No. 2** asks Donald to admit "that the Indiana State Board of Health Certificate of Death related to Lavelle Clay Thompson indicated that Lavelle Clay Thompson's date of death was March 1, 1992," and attaches an Indiana State Board of Health Certificate of Death reciting the name "LaVell Clay Thompson" for reference. (ECF No. 260-1, at 12). Donald's answer "denies that the document titled 'Indiana State Board of Health Certificate of Death' (the

'Certificate of Death'), attached as Exhibit 3 to the Requests to Admit, relates to 'Lavelle Clay Thompson' or indicates that the date of death of 'Lavelle Clay Thompson' was March 1, 1992." This answer fails to "specifically deny" the request, or "fairly respond to the substance of the matter" and "specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). To the extent Donald wishes to deny "that the document titled 'Indiana State Board of Health Certificate of Death' . . . relates to 'Lavelle Clay Thompson,'" he may do so, but must supplement his answer to address the remaining substance of the request, and "state in detail why [he] cannot truthfully admit or deny it," including any explanation of whether his denial is based upon a misspelling of Thompson's name in the referenced death certificate, and whether he further denies that Thompson's date of death was in fact March 1, 1992. *Id.* And to the extent Donald claims to lack knowledge or information sufficient to admit any portion of the request, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id.*

**Request No. 3** asks Donald to admit "that the attached Exhibit 4 are photos of Willie T. Donald, where Willie T. Donald is identified as number 41357 by the Gary Police." Donald admits that Exhibit 4 "consists of what appears to be a photocopy of two black and white photographs of Plaintiff, and each photograph contains a board with the words 'Gary Police' and, among other numbers, the number '41357,'" and then asserts that "Plaintiff can neither admit nor deny the remainder of the request." This answer fails to "specifically deny" the request, or "fairly respond to the substance of the matter" and "specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Donald shall supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Rule 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to

admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*.

**Request No. 4** asks Donald to admit "that the attached Exhibit 5 contains a photo of Willie T . Donald, where Willie T. Donald is identified as number 2 in a photographic array." Donald "admits that Exhibit 5 to the Requests to Admit contains, among other things, what appears to be a black and white photograph of Plaintiff with a typewritten '2' below it," and then states that "Plaintiff can neither admit nor deny the remainder of the request." The Court's ruling on this request is the same as stated in relation to Request No. 3 above, and Donald shall supplement his answer as directed in relation to Request No. 3.

**Request No. 5** asks Donald to admit "that the attached Exhibit 6 is a Gary Police Department Line-Up Procedure sheet that identified Willie T. Donald as number 4 in the lineup on March 3, 1992." Donald objects "to the extent Exhibit 6 to the Requests to Admit documents a tainted identification procedure," and then states that "Plaintiff denies that a paper document was capable of identifying anyone, let alone Plaintiff, and therefore, Plaintiff denies the request." This answer fails to "fairly respond to the substance of the matter" and "specify the part admitted and qualify or deny the rest," as Rule 36(a)(4) requires. While Donald is free to contend that the referenced exhibit "documents a tainted identification procedure" and deny that it fairly "identified Willie T. Donald," he must nevertheless address the remainder of the request, *i.e.*, whether the exhibit is a Gary Policy Department Line-Up Procedure sheet listing Willie T. Donald as number 4 on March 3, 1992. Although the document was prepared by someone else, Donald must at least inquire to determine the truth or falsity of those assertions. Donald must therefore supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Fed. R. Civ. P. 36(a)(4). And to the extent Donald

claims to lack knowledge or information sufficient to admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*. The Court also directs the parties to meet and confer regarding any suitable revision to the request to address Donald's objection to the term "identified," in order to eliminate any needless factual dispute regarding Exhibit 6 to the Requests.

**Request No. 6** asks Donald to admit "that the attached Exhibit 7 is a Gary Police Department Bureau of Identification Mug Photo Viewing Assignment Sheet that shows Rhonda Williams (n/k/a Rhonda Fleming) identified 41357 on March 3, 1992." Donald again objects "to the extent Exhibit 7 to the Requests to Admit documents a tainted identification procedure," and then states that "Plaintiff can neither admit nor deny that Exhibit 7 to the Requests to Admit 'is a Gary Police Department Bureau of Identification Mug Photo Viewing Assignment Sheet that shows Rhonda Williams (n/k/a Rhonda Fleming) identified 41357 on March 3, 1992.'" This answer similarly fails to "fairly respond to the substance of the matter" and "specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Although Donald may contend that the referenced exhibit "documents a tainted identification procedure," he must nevertheless address the remainder of the request, *i.e.* whether the referenced exhibit is a Gary Police Department Bureau of Identification Mug Photo Viewing Assignment Sheet dated March 3, 1992, for Rhonda Williams (n/k/a Rhonda Fleming) as the viewer, and whether it contains a checkmark before 41357. And while the document was prepared by someone else, Donald must at least inquire to determine the truth or falsity of those assertions. Donald must therefore supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Fed. R. Civ. P. 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion, he must state that he "has

made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id.* The Court also directs the parties to meet and confer regarding a suitable revision to the request to address Donald's objection to the term "identified," in order to eliminate any needless factual dispute regarding Exhibit 7 to the Requests.

**Request No. 7** asks Donald to admit "that on March 3, 1992, Rhonda Williams (n/k/a Rhonda Fleming), in a statement to Gary Police Officer Bruce Outlaw, identified the person designated as number 2, in a photographic array at the Gary Police Department, as the man who robbed her," and references a document indicating it "is a statement made by Rhonda Jermaine Williams" attached as Exhibit 8 to the Requests (ECF No. 260-1, at 17-19). Donald objects "to the extent Exhibit 8 to the Requests to Admit documents tainted identification procedures," and then states that "Plaintiff can neither admit nor deny that 'on March 3, 1992, Rhonda Williams (n/k/a Rhonda Fleming), in a statement to Gary Police Officer Bruce Outlaw, identified the person designated as number 2, in a photographic array at the Gary Police Department, as the man who robbed her.'" The Court agrees that this request fails to present a simple and direct statement that can be readily admitted or denied, insofar as it requires interpretation of a witness statement and, in turn, that statement's reference to a separate document. Nevertheless, Donald is required to address the remainder of the request, *i.e.* whether Rhonda Williams (n/k/a Rhonda Fleming) gave a statement to Gary Police Officer Bruce Outlaw on March 3, 1992, and whether Exhibit 8 documents that statement. Donald is therefore required to supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Fed. R. Civ. P. 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit

20

or deny." *Id*. The Court also directs the parties to meet and confer regarding any suitable revision to the request to eliminate any needless factual dispute regarding Exhibit 8 to the Requests.

**Request No. 8** asks Donald to admit "that on March 3, 1992, Rhonda Williams (n/k/a Rhonda Fleming), in a statement to Gary Police Officer Bruce Outlaw, identified the person designated as number 4, in a police line-up at the Gary Police Department, as the man who robbed her on February 27, 1992," and again references Exhibit 8 to the Requests. Donald again objects "to the extent Exhibit 8 to the Requests to Admit documents tainted identification procedures," and states that he "can neither admit nor deny that 'on March 3, 1992, Rhonda Williams (n/k/a Rhonda Fleming), in a statement to Gary Police Officer Bruce Outlaw, identified the person designated as number 4, in a police line-up at the Gary Police Department, as the man who robbed her on February 27 , 1992 .'" The Court's ruling on this request is the same as stated in relation to Request No. 7 above, and Donald shall supplement his answer accordingly.

**Request No. 9** asks Donald to admit "that the attached Exhibit 9 is a Gary Police Department Bureau of Identification Mug Photo Viewing Assignment Sheet that made a possible identification on 41357 by Kim Beninsky on March 3, 1992." Donald objects "to the extent Exhibit 9 to the Requests to Admit documents a tainted identification procedure," and then states that "Plaintiff can neither admit nor deny that Exhibit 9 to the Requests to Admit 'is a Gary Police Department Bureau of Identification Mug Photo Viewing Assignment Sheet that made a possible identification on 41357 by Kim Beninsky on March 3, 1992.'" As explained in relation to Request No. 6 above, this answer similarly fails to "fairly respond to the substance of the matter" and "specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Although Donald may contend that the referenced exhibit "documents a tainted identification procedure," he must nevertheless address the remainder of the request, *i.e.* whether the referenced exhibit is a Gary

Police Department Bureau of Identification Mug Photo Viewing Assignment Sheet dated March 3, 1992, for Kim Beninsky as the viewer, and whether it contains a checkmark before 41357. And while the document was prepared by someone else, Donald must at least inquire to determine the truth or falsity of those assertions. Donald must therefore supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Fed. R. Civ. P. 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*. The Court also directs the parties to meet and confer regarding a suitable revision to the request to address Donald's objection to the term "identified," in order to eliminate any needless factual dispute regarding Exhibit 9 to the Requests.

**Request No. 10** asks Donald to admit "that the attached Exhibit 6 is a Gary Police Department Line-Up Procedure sheet that shows Kimerly Belinsky (n/k/a Kimerly Camacho) identified the person designated as number 4, who was Willie T. Donald," and further references page 35 of Kimberly Camacho's deposition transcript. Donald again objects "to the extent Exhibit 6 to the Requests to Admit documents a tainted identification procedure." Donald also objects "to the extent [the request] relies on information in a deposition transcript that is not within the Plaintiffs possession, custody or control and is not attached as an exhibit to the Requests to Admit," and then states that he "can neither admit nor deny . . . that Exhibit 6 to the Requests to Admit 'is a Gary Police Department Line-Up Procedure sheet that shows Kimerly Belinsky (n/k/a Kimerly Camacho) identified the person designated as number 4, who was Willie T. Donald.'" This answer fails to "fairly respond to the substance of the matter" and "specify the part admitted and qualify or deny the rest," as Fed. R. Civ. P. 36(a)(4) requires. As previously explained in relation to

Request No. 5, Donald may contend that the referenced exhibit "documents a tainted identification procedure" and deny that it fairly "identified Willie T. Donald," but must nevertheless address the remainder of the request, *i.e.*, whether the exhibit is a Gary Policy Department Line-Up Procedure sheet listing Kimerly Belinsky as witness on March 3, 1992, and indicating Willie T. Donald as number 4 in the line-up. Although the document was prepared by someone else, Donald must at least inquire to determine the truth or falsity of those assertions. Donald must therefore supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it," as required by Fed. R. Civ. P. 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*. The Court also directs the parties to meet and confer regarding the availability of the referenced deposition transcript and any suitable revision to the request to address Donald's objection to the term "identified," in order to eliminate any needless factual dispute regarding Exhibit 6 to the Requests.

**Request No. 11** asks Donald to admit "that during the April 6, 1992 Habeas Corpus Hearing, Rhonda Williams (n/k/a Rhonda Fleming) testified that the person designated as number 4, in a police line-up at the Gary Police Department, was the man who robbed her," and further references page 107 of the referenced hearing transcript. Donald objects "that it is improper to seek to have a party confirm the recorded testimony of a witness," and then "denies that on page 107 of a transcript from an April 6, 1992, hearing in the matter of State of Indiana v. Donald, No. 45G01-9203-CF-00065, in the Superior Court of Lake County, Indiana, that 'Rhonda Williams (n/k/a Rhonda Fleming) testified that the person designated as number 4, in a police line-up at the Gary Police Department, was the man who robbed her.'" The City's motion with respect to this request

23

is denied for two reasons. First, the request fails to present a simple and direct statement that can be readily admitted or denied, insofar as it requires interpretation of a witness' testimony and, in turn, that testimony's reference to a separate document. But also, although the City disputes Plaintiff's objections to this request, it fails to explain why Donald's denial is insufficient. Perhaps the denial relies on immaterial disputes (such as the page number or absence of the precise language quoted in the hearing transcript) on which the parties should confer if necessary, but the Court has no basis to find the denial insufficient. To the extent the City contends the denial is contrary to the referenced transcript, it may meet and confer with Plaintiff regarding an alternative request that seeks admission that the witness testified at the referenced hearing and gave testimony as recorded in the referenced transcript. *See Gidarisingh v. McCutcheon*, No. 17-C-464, 2018 WL 3637537, at *3 (E.D. Wis. July 31, 2018) (accepting answer to request for admission regarding content of witness testimony that witness testified at the referenced hearing as stated in transcript).

**Request No. 12** asks Donald to admit "that during the April 6, 1992 Habeas Corpus Hearing, Kimerly Belinsky (n/k/a Kimerly Camacho) testified that the person she picked out of the police line-up at the Gary Police Department was the person who murdered Bernard Jimenez," and further references page 87 of the referenced hearing transcript. Donald again objects "that it is improper to seek to have a party confirm the recorded testimony of a witness," and then "denies that on page 87 of a transcript from an April 6, 1992, hearing in the matter of State of Indiana v. Donald, No. 45G01-9203-CF-00065, in the Superior Court of Lake County, Indiana, that 'Kimerly Belinsky (n/k/a Kimerly Camacho) testified that the person she picked out of the police line-up at the Gary Police Department was the person who murdered Bernard Jimenez.'" The Court's ruling on this request is the same as stated in relation to Request No. 11 above.

24

Request No. 13 asks Donald to admit "that during Willie T. Donald's 1992 trial, Rhonda Williams (n/k/a Rhonda Fleming), testified that Willie T. Donald was the man who robbed her," and further references page 233 of the referenced trial transcript. Donald again objects "that it is improper to seek to have a party confirm the recorded testimony of a witness," and then "denies that during the trial in the matter of State of Indiana v. Donald, No. 45G01-9203-CF-00065, in the Superior Court of Lake County, Indiana, 'Rhonda Williams . . . testified that Willie T. Donald was the man who robbed her.'" The City's motion with respect to this request is similarly denied because it fails to explain why Donald's denial is insufficient. Perhaps the denial relies on immaterial disputes (such as the page number or absence of the precise language quoted in the hearing transcript) on which the parties should confer if necessary, but the Court has no basis to find the denial insufficient. To the extent the City contends the denial is contrary to the referenced transcript, it may meet and confer with Plaintiff regarding an alternative request that seeks admission that the witness testified at the referenced hearing and gave testimony as recorded in the referenced transcript. *See Gidarisingh*, 2018 WL 3637537, at *3.

Request No. 14 asks Donald to admit "that during Willie T. Donald's 1992 trial, Kimerly Belinsky (n/k/a Kimerly Camacho) identified Willie T. Donald in court and testified that Willie T. Donald was the man who killed Bernard Jimenez, and robbed Bernard Jimenez on February 27, 1992," and further references page 109 of the referenced trial transcript. Donald again objects "that it is improper to seek to have a party confirm the recorded testimony of a witness," and then "denies that during the trial in the matter of *State of Indiana v. Donald,* No. 45G01-9203-CF-00065, in the Superior Court of Lake County, Indiana, Kimerly Belinsky 'testified that Willie T. Donald was the man who killed Bernard Jimenez, and robbed Bernard Jimenez on February 27, 1992,'" and "further denies that at the above-referenced trial that Kimerly Belinsky identified 'Willie T.

Donald' by name." The Court's ruling on this request is the same as stated in relation to Request No. 13 above.

Request No. 15 asks Donald to admit "that on or around October 1, 1992, Willie T. Donald was sentenced to a term of fifty (50) years for the murder of Bernard Jimenez and a term of ten (10) years for the crime that involved Rhonda Williams (n/k/a Rhonda Fleming)," and further references the Order attached as Exhibit 10. Subject to various objections that Donald's Response does not address (see ECF No. 268, at 8), Donald "admits that on or around October 1, 1992, a court ordered the sentence set forth in Exhibit 10 to the Request to Admit based on the incomplete information then available to the Court and without Defendants informing the Court that they withheld material exculpatory evidence or their other improper conduct," and then "denies that he committed any of the crimes for which a sentence was imposed." To the extent any ambiguity remains, the Court deems this Request admitted, as Donald has not specifically denied it or explained why he cannot truthfully admit or deny it, and the record repeatedly confirms the sentences recited in the Request. (See ECF No. 260-1, at 21, 24, 39, 66). Indeed, Donald's Complaint in this action alleges that "he was sentenced to 60 years in prison." (ECF No. 1, ¶ 73).

Request No. 16 asks Donald to admit "that on December 14, 1994, Attorney Scott King's Belated Motion to Correct Errors, which alleged that the State of Indiana failed to disclose evidence regarding Rhonda Williams' (n/k/a Rhonda Fleming) March 2, 1992 call to the City of Gary Police Department, was deemed denied by Judge Richard W. Marne," and references an Order and "Belated Motion to Correct Error," which are included in attached Exhibit 11. Donald "objects to this request to the extent it calls for a legal conclusion" and further states "that it is improper to seek to have a party confirm a judicial ruling," and then "denies that on December 14, 1994, in the matter of State of Indiana v. Willie T. Donald, No. 45FG01-9203-00065, in the Lake

County Superior Court - Criminal Division, 'Attorney Scott King's Belated Motion to Correct Errors, which alleged that the State of Indiana failed to disclose evidence regarding Rhonda Williams' (n/k/a Rhonda Fleming) March 2, 1992 call to the City of Gary Police Department, was deemed denied by Judge Richard W. Marne.'" The City's motion with respect to this request is denied for two reasons: (1) the request fails to present a simple and direct statement that can be readily admitted or denied, insofar as it is compound in its request for multiple admissions regarding the content of multiple documents; and (2) it calls for a legal conclusion insofar as it requests an admission regarding the basis for a court's ruling. *See Black*, 2021 WL 164797, at *8. In the event the City instead seeks to authenticate one or more of the documents included in the referenced exhibit, the Court directs the parties to meet and confer regarding one or more alternative requests that seek such admissions.

**Request No. 17** asks Donald to admit "that on or around January 29, 1997, Willie T. Donald, by counsel, Thomas Vanes, filed a Petition for Permission to File Belated Praecipe on the grounds that Willie T. Donald had a constitutional right to an appeal of his convictions for the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming)," and references the Petition for Permission to File Belated Praecipe attached as Exhibit 12. Donald "objects to this request to the extent it calls for a legal conclusion," "denies that on or around January 29, 1997, he filed a document through counsel that states that 'Willie T. Donald had a constitutional right to an appeal of his convictions for the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming),'" and "further denies that the document attached as Exhibit 12 to the Requests to Admit contains the names Kimerly Belinsky or Rhonda Williams." Regarding the objections, the Court disagrees that it is improper to ask a party to confirm a document's filing. *Cf. Turubchuk v. E.T. Simonds Constr.*

27

*Co.*, 3:12-cv-594, 2015 WL 5725159, at *5 (S.D. Ill. Sept. 30, 2015) (allowing request to admit filing of insurance claim). Nor does the request seek a legal conclusion; rather, it seeks an admission regarding the document's content. The Court also finds that Donald's answer fails to "specifically deny" the request, "fairly respond to the substance of the matter," or "specify the part admitted and qualify or deny the rest" as Fed. R. Civ. P. 36(a)(4) requires, as it merely denies the absence of precise language in the document. Donald shall therefore supplement his answer to "specify the part admitted and qualify or deny the rest" or "state in detail why [he] cannot truthfully admit or deny it." *Id*. And to the extent Donald claims to lack knowledge or information sufficient to admit or deny any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*.

**Request No. 18** asks Donald to admit "that in the June 12, 1998 Indiana Court of Appeals Memorandum Decision, Judge Baker, Judge Sullivan, and Judge Kirsch of the Indiana Court of Appeals could not conclude that Rhonda Williams' (n/k/a Rhonda Fleming) frantic call to the police that she saw a man with a build similar to Willie T. Donald near her house days after she was robbed, discredited her prior identifications of Willie T. Donald," and references page 8 of the Indiana Court of Appeals Memorandum Decision dated June 12, 1998, attached as Exhibit 13. Donald "objects to this request to the extent it calls for a legal conclusion" and "that it is improper to seek to have a party confirm the contents of a judicial ruling," and then "admits that Exhibit 13 to the Requests to Admit is a 'Memorandum Decision - Not for Publication' in the matter of Willie T. Donald v. State of Indiana, No. 45A03-9705-CR179, in the Indiana Court of Appeals." The City's motion with respect to this request is denied for two reasons: (1) the request fails to present a simple and direct statement that can be readily admitted or denied, insofar as it is compound in its request for multiple admissions regarding the content of the cited document; and (2) it calls for

28

a legal conclusion insofar as it requests an admission regarding the basis for a court's ruling. *See Black*, 2021 WL 164797, at *8. Moreover, to the extent the City seeks to authenticate the cited Memorandum Decision, Donald's answer has done so.

**Request No. 19** asks Donald to admit "that in the June 12, 1998 Indiana Court of Appeals Memorandum Decision, Judge Baker, Judge Sullivan, and Judge Kirsch of the Indiana Court of Appeals could not conclude that there was a reasonable probability that the result of the trial would have been different had the State disclosed evidence of Rhonda Williams' (n/k/a Rhonda Fleming) March 2, 1992 call to the City of Gary Police Department," and again references Exhibit 13. Donald again "objects to this request to the extent it calls for a legal conclusion" and "that it is improper to seek to have a party confirm the contents of a judicial ruling," and then "admits that Exhibit 13 to the Requests to Admit is a 'Memorandum Decision - Not for Publication' in the matter of Willie T. Donald v. State of Indiana, No. 45A03-9705-CR179, in the Indiana Court of Appeals . . . in which the judge wrote 'we cannot conclude that there is a reasonable probability that the result of the trial would have been different had the State disclosed evidence of Williams' call.'" The Court's ruling on this request is the same as stated in relation to Request No. 18 above.

**Request No. 20** asks Donald to admit "that on or around August 19, 1998, the Indiana Supreme Court denied Attorney Charles E. Stewart's Petition for Transfer," and references the Petition for Transfer and written ruling dated August 19, 1998, attached as Exhibit 14. Donald "objects to this request to the extent it calls for a legal conclusion" and that it is "improper to seek to have a party admit the contents of a judicial order," and then "denies that in the matter Donald v. State of Indiana, No. 45O01-9203-CF-0065, in the Indiana Court of Appeals, that 'on or around August 19, 1998, the Indiana Supreme Court denied Attorney Charles E. Stewart's Petition for Transfer.'" The City's motion with respect to this request is denied because it calls for a legal

conclusion insofar as it requests an admission regarding the effect of a court's ruling. *See Black*, 2021 WL 164797, at *8. In the event the City instead seeks to authenticate one or more of the documents included in the referenced exhibit, the Court directs the parties to meet and confer regarding one or more alternative requests that seek such admissions.

**Request No. 21** asks Donald to admit "that on or around May 10, 2004, Willie T. Donald, filed a Petition for Post-Conviction Relief, which did not raise the issue of whether the State of Indiana failed to disclose evidence regarding Rhonda Williams' (n/k/a Rhonda Fleming) March 2, 1992 call to the City of Gary Police Department," and references a Petition for Post-Conviction Relief bearing a filed-stamped date in May 2004, attached as Exhibit 15. Donald "objects to this request to the extent it call for a legal conclusion" and "that it seeks an admission about the date on which a document was filed when the date is not legible on the document," and then "admits that Exhibit 15 to the Requests to Admit is a Petition for Post-Conviction Relief - the contents of which are set forth in Exhibit 15 - that he did not prepare, but which contains his signature, bearing a file-stamp date in May 2004." The Court need not determine whether this request properly seeks an opinion regarding the application of law to facts or improperly seeks a legal conclusion, because the Court agrees that the filed-stamped date on the referenced exhibit is illegible. The Court also finds that Donald's answer sufficiently admits those parts of the request that he is able to admit and explains why he is unable to admit or deny the remainder. Additionally, to the extent the City seeks authentication of the referenced exhibit, Donald's answer does that also. The City's motion with respect to this request is therefore denied.

**Request No. 22** asks Donald to admit "that the attached Exhibit 16 is a letter from Willie T. Donald to Lake County Prosecutor, Bernard Carter, after Willie T. Donald was convicted of the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a

Rhonda Fleming)." Donald "admits that Exhibit 16 to the Requests to Admit is an unaddressed and unsigned typewritten document in the form of a letter to 'Mr. Bernard Carter' with the typewritten name 'Willie T. Donald' at the bottom of the second page," and states that Donald "can neither admit nor deny whether Exhibit 16 to the Requests to Admit is a final version of the document or whether the specific version of the document set forth in Exhibit 16 was forwarded to Bernard Carter." Donald further "admits that while the document is not dated, its contents indicate that it was created after Plaintiffs wrongful conviction for the crimes with which he was wrongfully charged," and "denies that the letter references Bernard Carter as the 'Lake County Prosecutor.'" While this answer goes to some lengths to admit various aspects of the request, it fails to "fairly respond to the substance" of whether the referenced exhibit is "a letter from Willie T. Donald," as Rule 36(a)(4) requires. Donald shall therefore supplement his answer to "specifically deny" the portion of the request not admitted or "state in detail why [he] cannot truthfully admit or deny it," as required by Rule 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*.

**Request No. 23** asks Donald to admit "that in the letter attached as Exhibit 16, Willie T. Donald does not state that he was innocent for the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming)." Donald "incorporates his response to Request 22" and again states he "can neither admit nor deny whether Exhibit 16 to the Requests to Admit is a final version of the document or whether the specific version of the document set forth in Exhibit 16 was forwarded to Bernard Carter." Donald then "admits that the purpose of the letter, among other things, was to show that Plaintiff, despite the egregious

circumstances to which Defendants' violations of his civil rights subjected him, continued to try to better himself. Plaintiff further admits that writing a letter showing his efforts to better himself is not, and was not, mutually exclusive to the fact that at all times he was innocent of the crimes with which he was wrongfully charged and wrongfully convicted and that he ceaselessly fought to prove his innocence, notwithstanding Defendants' improper conduct that resulted in his wrongful convictions." This answer again fails to "fairly respond to the substance of the matter" as Rule 36(a)(4) requires, specifically whether the referenced exhibit is a letter from Willie T. Donald which "does not state that he was innocent for the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming)." Donald shall therefore supplement his answer to "specifically deny" the portion of the request not admitted or "state in detail why [he] cannot truthfully admit or deny it," as required by Rule 36(a)(4). And to the extent Donald claims to lack knowledge or information sufficient to admit any portion, he must state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny." *Id*.

**Request No. 24** asks Donald to admit "that in Judge Vasquez' January 25, 2016 Findings of Fact attached as Exhibit 17, Willie T. Donald's convictions were not vacated because of findings based on deoxyribonucleic acid ('DNA') evidence which showed Willie T. Donald was not the person responsible for the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming)." Donald "objects to the request because it is improper to seek to have a party confirm what is not in a judicial opinion" and "to the extent it seeks a legal conclusion," and then "admits that the court's stated basis for vacating his convictions did not include deoxyribonucleic acid ('DNA') evidence or that DNA evidence showed that Plaintiff was not the person responsible for the crimes for which he was wrongfully convicted," and further

states that Donald "can neither admit nor deny the remainder of this request." The Court need not determine whether this request improperly seeks a legal conclusion because the Court finds that Donald's answer fairly admits the substance of the request, and the City has failed to explain why this answer is insufficient. The City's motion with respect to this request is therefore denied.

**Request No. 25** asks Donald to admit "that in Judge Vasquez' January 25 , 2016 Findings of Fact attached as Exhibit 17, Willie T. Donald's convictions were not vacated based on a confession by another person claiming to have committed the crimes that involved Kimerly Belinsky (n/k/a Kimerly Camacho) and Rhonda Williams (n/k/a Rhonda Fleming)." Donald again "objects to the request because it is improper to seek to have a party confirm what is not in a judicial opinion" and "to the extent it seeks a legal conclusion," and then "admits that in the Findings of Fact, attached as Exhibit 17 to the Requests to Admit, the court's stated basis for vacating his convictions did not include that there was a confession by another person claiming to have committed the crimes that involved Kimerly Belinsky and Rhonda Williams," and further states that Donald "can neither admit nor deny the remainder of the request." The Court's ruling on this request is the same as stated in relation to Request No. 24 above.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant City of Gary's Motion for Protective Order for the 30(b)(6) Deposition of the City of Gary (DE 256) and Motion to Deem Admitted the Plaintiff's Responses to the City's Requests for Admission (DE 260) as stated above.

So ORDERED this 21st day of April, 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT