UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

WILLIE T. DONALD,

        Plaintiff,

        v.

BRUCE OUTLAW, CARLA K. PYLE, as special administrator of the estates of John E. Jelks, Jr., As-yet unknown employees of the City of Gary, and the CITY OF GARY,

        Defendants.

CAUSE NO.: 2:17-CV-32-TLS-JPK

**OPINION AND ORDER**

This matter is before the Court on three pending motions from the Plaintiff Willie T. Donald: the Plaintiff's Motion for Default Judgment [ECF No. 175]; the Plaintiff's Motion for Leave to Supplement Reply to Response to Motion for Default Judgment [ECF No. 196]; and the Plaintiff's Motion for Review of Magistrate Judge Decision by a District Judge [ECF No. 230]. The motions are fully briefed and ripe for ruling. For the following reasons, the Plaintiff's motions are DENIED.

**FACTUAL BACKGROUND**

The Plaintiff brought this action on January 24, 2017, asserting claims under § 1983 and state law against the Defendants arising from his convictions in 1992 for murder and robbery. Compl. ¶¶ 85–133, ECF No. 1. The Plaintiff alleges that he was wrongfully convicted of robbery and murder in June 1992. *Id.* at ¶ 73. He alleges that his sentences were vacated because of the Defendant Officers' misconduct. *Id.* at ¶¶ 75–78. He also brings a *Monell* claim against the City. *Id.* at ¶¶ 93–95.

## PROCEDURAL HISTORY

The relevant procedural history is as follows. At issue before the Court are two distinct discovery issues. The first relates to the Plaintiff's motion for default judgment. The second relates to the Plaintiff's motion for review of the Magistrate Judge's Opinion and Order quashing a subpoena.

**A.      Motion for Default Judgment**

The Plaintiff's first set of requests for production requested "[a]ll Documents related to any Complaint . . . alleging official misconduct of any kind" against the individual defendants, all personnel records of the individual defendants "including but not limited to internal affairs records," and "[a]ll Documents reflecting the City of Gary or Gary Police Department's policies, procedures, and practices as of February 1992" relating to nine enumerated issues. Pl. Ex. 2 at 6–9, ECF No. 175-2. The Plaintiff also requested the identification of "any policymaker" between 1987 and 2017, and "[a]ll Documents relating to any change made to any policy or procedure . . . between 1987 and 2017 on any of" the nine enumerated issues. *Id.* at 9. The Plaintiff's first set of interrogatories included the request for the identification of all complaints made against any individual defendant "including but not limited to any and all internal affairs . . . complaints," who made the policies, and "any and all changes made between 1987 and the present" to the policies. Pl. Ex. 1 at 2, 5, ECF No. 175-1.

The Defendants responded to the interrogatories and the requests for production. Pl. Ex. 4, ECF No. 175-4; Pl. Ex. 5, ECF No. 175-5. In both responses, the Defendants objected to the Plaintiff's requests as overly broad, noted that "many documents" that were potentially relevant were destroyed in a fire at the police department during the 1990's, and provided some responsive information. *See* Pl. Ex. 4 at 2–8; Pl. Ex. 5 at 1–16. The interrogatory answer was signed by a representative of the City but was not signed under oath. Pl. Ex 4 at 10.

On November 20, 2017, the Defendant provided supplemental responses to the interrogatories and to the request for production. Pl. Ex. 8, ECF No. 175-8; Pl. Ex 9, ECF No.

175-9. The Defendants, in their answer to the interrogatories, explained that they had "exhausted all efforts in locating . . . a copy of the actual policies" from 1987–1992 and that there were no non-disclosed disciplinary actions against the individual defendants. Pl. Ex. 8 at 2, 7. The City's representative signed the interrogatory answer but again did not sign under oath. *Id.* at 12. The Defendants also stated, in their response to the requests for production, that they had no further documents to produce. Pl. Ex. 9 at 13.

On February 7, 2019, the Plaintiff sent the Defendants a letter identifying deficiencies in the Defendants' discovery responses. Pl. Ex. 10, ECF No. 175-10. The Defendants provided the Plaintiff with a second supplemental interrogatory answer and a second response to the requests for production. Pl. Ex. 11, ECF No. 175-11; Pl. Ex. 12, ECF No. 175-12. The City's representative signed the interrogatory answer but again did not sign under oath. *Id.* at 13. In both, the Defendants reiterated their claim from the earlier response that there were no further documents to produce. *See* Pl. Ex. 11 at 8–9; Pl. Ex. 12 at 8–9.

Then, on July 18, 2019, the Defendants emailed the Plaintiff and reported that the Defendants found the written policies from 1992. Pl. Ex. 14, ECF No. 175-14. The policy was found in the former police chief's old office. Pl. Ex. 15 at 1–2, ECF No. 175-15. The Defendants' policies were produced on August 12, 2019. Pl. Ex. 16, ECF No. 175-16.

On August 13, 2019, the Plaintiff wrote a letter to the Defendants accusing the Defendants of delinquently producing documents. Pl. Ex. 17 at 1–2, ECF No. 175-17. The Plaintiff raised the concern that the Defendants' sworn statements might not be true because the documents thought to be destroyed in the fire were produced. *Id.* at 2. The same day, the Defendants told the Plaintiff that the Defendants had found internal affairs files relating to the two named Defendants. Pl. Ex. 18, ECF No. 175-18. The Defendants wanted a protective order before producing the documents. *See id.* The Plaintiff did not want to agree to a protective order because of the Defendants' delay in producing the documents and because the Defendants had

produced other internal affairs files without requiring a protective order. Pl. Ex. 19, ECF No. 175-19.

On September 27, 2019, the Plaintiff notified the Defendants that the affirmation that the Defendants' interrogatory responses were signed under oath were missing. *See* Def. Ex. 21, ECF No. 181-21. On October 4, 2019, the Defendants sent an email to the Plaintiff containing the requests for production and interrogatories with the affirmation that they were signed under oath. Def. Ex 22, ECF No. 181-22; Def. Ex 23, ECF No. 181-23.

On October 15, 2019, the Defendant filed a Motion for Protective Order for the Internal Affairs Files [ECF No. 182]. The Magistrate Judge granted the motion in part and denied it in part. Jan. 14, 2020 Mot. Hearing, ECF No. 216. The Magistrate Judge ordered that the documents provided were not to be used outside of the litigation without notice and an opportunity to seek a protective order. *Id.*

The Plaintiff also seeks to supplement his Motion for Default Judgment. The Defendants, on October 30, 2019, produced a document from 1998 that was a plan for improving the Gary Police Department. Pl. Suppl. Ex. 1, ECF No. 196-1. In producing the document, the Defendants asserted that the document was not responsive and that it was produced "as a matter of caution." Pl. Suppl. Ex. 2, ECF No. 196-2.

**B.    Motion to Review Magistrate Judge's Order**

On February 5, 2019, the Plaintiff served a subpoena on the Federal Bureau of Investigations (FBI). Pl. Resp. to Mot. to Quash Ex. 2, ECF No. 102-2. The United States of America moved to quash the subpoena. Gov. Mot. to Quash, ECF No. 92. The subpoena requested, among other things, "any and all Documents relating to investigations undertaken by the FBI . . . involving allegations, evidence or suspicion of actual or potential criminal conduct or civil rights violations committed or engaged by [the Defendants], including but not limited [to]

any of its officers . . . , employees, contractors, informants and agents." Pl. Resp. Ex. 2 at 14. The Magistrate Judge granted the motion to quash. Aug. 6, 2019 Op. & Order, ECF No. 156.

The Plaintiff then served a second subpoena that the government again moved to quash. Oct. 21, 2019 Gov. Mot. to Quash Subpoena, ECF No. 185. That subpoena sought "[a]ny and all" documents relating to the FBI's investigation of any civil rights violations or criminal misconduct by the Defendants and various other named parties. Oct. 21, 2019 Gov. Mot. to Quash Ex. 1 at 13–14, ECF No. 186-1. Additionally, the Plaintiff requested "[a]ny and all" documents relating to any investigations involving "suspicion of actual or potential criminal conduct or civil rights violations" by the Gary Police Department from January 1, 1987, through December 31, 1992. *Id.* at 14. The Plaintiff requested documents created after that time if the investigation was opened subsequent to the listed timeframe. *Id.* The government represents that the Plaintiff's subpoena was unduly burdensome because of the broad request for "every document relating to any act or suspicion of an act occurring during a six-year period." Gov. Mem. in Supp. of Oct. 21, 2019 Mot. to Quash 13, ECF No. 186.

The Magistrate Judge granted the Motion. June 2, 2020 Op. & Order, ECF No. 229. The Magistrate Judge considered the motion both under Federal Rule of Civil Procedure 45 and the Administrative Procedures Act (APA). *Id.* at 12. The Magistrate Judge recognized the government's representation that there were over 28,000 references to the Gary Police Department and over 7,000 serials in its initial search of files for the first subpoena, *id.* at 14–15, and that the government had produced twenty-nine documents, *id.* at 17. Under Rule 45, the Magistrate Judge held that the second subpoena was overly burdensome because the requests included all investigations of the Gary Police Department and could expand beyond the 1987–1992 timeframe. *Id.* at 18–19. Under the APA, the Magistrate Judge found the government's decision was not arbitrary and capricious because the government's reasons for denying the subpoena requests demonstrated that the government considered the relevant factors in making its decisions. *Id.* at 21–22.

## DISCUSSION

The Plaintiff brings three separate motions. The Court will consider the Plaintiff's Motion for Default Judgment and Motion to Supplement separately from the Motion to Quash.

### A. Default Judgment under Rule 37

The Court considers together the Plaintiff's Motion for Default Judgment and Motion to Supplement his Default Judgment Motion.

The Plaintiff's arguments for the sanction of default judgment are unavailing. The Court is empowered under Rule 37(b)(2)(A)(vi) to enter default judgment as a discovery sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi). The Court may enter default judgment if a party disobeys a discovery order, fails to disclose, supplement, or admit, fails to attend a deposition, or fails to preserve electronically stored information. Fed. R. Civ. P. 37(b)–(e). Default judgment "is appropriate only where 'there is a clear record of delay or contumacious conduct,' where 'other less drastic sanctions have proven unavailing,' or where a party displays 'willfulness, bad faith, or fault.'"[1] *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (quoting *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *overruled on other grounds Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016); *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006)).

However, because entry of default judgment is one of the most severe sanctions, a court must "find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose [default judgment] as a sanction for discovery violations." *Ramirez*, 845 F.3d at 776; *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (recognizing that Rule 37 should not be construed to authorize the dismissal of a complaint when the plaintiff's noncompliance with a pretrial discovery order was due to "inability, and not to willfulness, bad faith, or any fault of" the plaintiff (quoting *Societe Internationale Pour Participations Industrielles et Commerciales, S.A.*

---

[1] A "clear record of delay or contumacious conduct" also is used in considering sanctions under Rule 441. *See Mojapelo v. Nat'l R.R. Passenger Corp.*, 748 F. App'x 68 (7th Cir. 2019).

*v. Rogers*, 357 U.S. 197, 212 (1958))). A "clear record of delay or contumacious conduct" can be demonstrated by a record that shows that a defendant made "token efforts to comply with [a] . . . contempt order," failed to sit for or schedule a deposition, and failed to produce tax returns and explain the failure by claiming the amended tax returns were demonstrative. *Domanus*, 742 F.3d at 302.

Bad faith is conduct that is "intentional or reckless." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000) (recognizing that willfulness and bad faith are associated with conduct that is intentional or reckless). Fault does not look to the party's intent; rather it considers whether the party committed "'extraordinarily poor judgment' or 'gross negligence.'" *Ramirez*, 845 F.3d at 776 (quoting *Marrocco v. Gen. Motors*, 966 F.2d 220, 224 (7th Cir. 1992); *Long*, 213 F.3d at 987 ("Fault in this context suggests objectively unreasonable behavior[.]").

The sanctions must be proportionate to the party's misconduct. *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021). In considering a sanction of default judgment, a court looks to the full record of the party's misconduct, not just the final incident that led to the sanction. *Domanus*, 742 F.3d at 301 (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011)). The court must consider whether less severe sanctions should apply instead. *Marrocco*, 966 F.2d at 223–24; *Maynard*, 332 F.3d at 468.

The Plaintiff is not entitled to a default judgment as a discovery sanction. The Plaintiff's main contention is that the Defendants did not produce written policies from 1992 in a timely manner. The Defendants believed that the policies, along with many other documents, were destroyed in a fire. The Defendants ultimately found the documents in an old office and turned over those documents soon after they were located. There is no evidence to show that the Defendants engaged in bad faith or intentional delay, and no evidence of extremely poor judgment or gross negligence.

The Plaintiff's next basis for sanctions is that the City's representative did not sign under oath each of the three sets of interrogatory answers in violation of Federal Rule of Civil

Procedure 33(b)(3). The failure to sign the interrogatory under oath was an error, but it was promptly corrected. The Defendants provided sworn versions of the interrogatories as soon as the Plaintiff alerted them to the issue. The Plaintiff fails to show that the second supplemental answer's sworn signature from someone other than the police chief, who signed the original second supplemental answer, invalidates the sworn signature. There is no evidence of willful misconduct, bad faith, or fault sufficient to enter sanctions based on this error.

The Plaintiff's contention that the Defendants' failure to produce some documents without a protective order warrants sanctions is entirely without merit. In this case, the Plaintiff expressly stated that the Plaintiff would publicize the produced documents. The Defendants filed a motion for a protective order. The Magistrate Judge granted the motion in part and acknowledged that the documents should not be shared without notice and time to seek an additional protective order if the Plaintiff intended to disclose the documents. Because the Defendants' concerns had merit, seeking a protective order cannot support sanctions.

Nor is the Plaintiff's argument made in the Motion for Leave to Supplement availing. The Plaintiff bases the argument on a late-disclosed document from 1998 that was a plan for improving the Gary Police Department. The Defendants produced the document "as a matter of caution," even though they did not think that the document was responsive to the Plaintiff's discovery requests. The Plaintiff's argument that the delayed disclosure of the document could support a default judgment are unavailing. To enter a default judgment as a discovery sanction, the Court must find bad faith or fault. The Plaintiff brings no evidence that the Defendants' delay in producing this document was the result of bad faith or gross negligence.

Considering all the Plaintiff's arguments, there is not a pattern of bad faith conduct that merits the entry of default judgment, or any sanctions by the Court.[2] Accordingly, the Court

---

[2] The Court need not consider the Defendants' alleged examples of the Plaintiff's misconduct during discovery because the Plaintiff's contentions are not sufficient to support default judgment.

denies the Plaintiff's Motion for Default Judgment as well as the Motion for Leave to Supplement the Motion for Default Judgment.

## B. Motion to Review Magistrate Judge's Order

Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pre-trial matter within fourteen days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The Court reviews the Magistrate Judge's discovery orders for clear error. *Domanus*, 742 F.3d at 295. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

First, the Magistrate Judge correctly set out the applicable legal standard. Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to testify at a deposition and produce designated documents. Rule 45(d)(3)(A)(iv) requires a court to quash or modify a subpoena based on a timely motion if the subpoena subjects a person to an undue burden. Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request. *Uppal v. Rosalind Fraklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). The party seeking to quash the subpoena bears the burden of proving that it is unduly burdensome. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

The broad scope of discovery, which applies to discovery requests sent to nonparties as well as parties, permits a party to seek information

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

> relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *Noble Roman's Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) ("The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45."). When a party seeks discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or is outside of the scope of discovery, the Court must limit discovery. Fed. R. Civ. P. 26(b)(2)(C).

In the motion to quash, the government argues that it is entitled to review under the APA for its decision to not produce the documents. A subordinate federal official cannot be held in contempt for failure to comply with a court order that contradicted a valid federal guideline. *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316–17 (7th Cir. 1994) (citing *Touhy v. Ragen*, 340 U.S. 462 (1951)). In *Edwards*, the Seventh Circuit reviewed the plaintiff's subpoena to compel production from the Department of Justice under the APA. *Id.* at 315. The request was initially made in state court, and the Department of Justice removed the case to federal court. *Id.* at 314. The Seventh Circuit noted that jurisdiction upon removal is derivative of the state court's jurisdiction. *Id.* at 315. District courts in this circuit are, as the Magistrate Judge noted, split on whether *Edwards* extends APA review to subpoena's sought under Rule 45 from the government in cases brought in federal court. *Compare FDIC for Valley Bank v. Crowe Horwath LLP*, No. 17 CV 04384, 2018 WL 3105987, at *4–5, 5 n.8 (N.D. Ill. June 25, 2018) (holding that *Edwards* was inapplicable to a case brought in federal court for a subpoena sought under Rule 45 because the APA's provision authorizing judicial review under 5 U.S.C. § 702 constituted a waiver of sovereign immunity), *with Barnett v. Ill. State Bd.*, No. 02 C 2401, 2002 WL 1560013, at *2 n. 1 (N.D. Ill. July 2, 2002) ("*Edwards* unequivocally held that a federal agency's refusal to comply with a subpoena, at least when done 'pursuant to valid agency regulations,' is to be reviewed

10

under the APA."). The Court need not determine whether the APA or Rule 45 applies because the result is the same under either analysis.

As an initial matter, the Plaintiff ignores Rule 45 in his motion to review the magistrate judge's order. Although Rule 26 sets out the broad scope of discovery, Rule 45 governs subpoenaing a non-party. Rule 45(d)(3)(A)(iv) requires the Court to quash a subpoena that creates an undue burden on the nonparty. Additionally, the Plaintiff only challenges the Magistrate Judge's decision as to the second subpoena. The Magistrate Judge ruled that an undue burden was created by the Plaintiff's request for all documents involving investigations of the Gary Police Department from 1987–1992, including investigations opened later. This would require the government to analyze over 7,000 serials and 28,000 references. The Magistrate Judge did not clearly err by finding that this created an undue burden on a nonparty.

Analyzing the issue as the government requests, the Plaintiff is not entitled to relief under the APA either. Under the APA, the government's decision is reviewed under the "arbitrary and capricious standard," which "ask[s] only if the agency's decision was 'based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Protect Our Parks, Inc. v. Buttigieg*, 10 F.4th 758, 764 (7th Cir. 2021) (quoting *DHS v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020)). The Department of Justice may authorize "the appearance and testimony of a present or former Department Employee" if the responsible official finds that it is appropriate under 28 C.F.R. § 16.26(a) and that none of the factors in 28 C.F.R. § 16.26(b) apply. *See* 28 C.F.R. § 16.24(b). Under § 16.26(a)(1), the Department should consider "[w]hether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose." 28 C.F.R. § 16.26(a)(2).

Thus, the analysis under the APA also turns on the Rule 45 and Rule 26 analysis. As discussed above, the Magistrate Judge did not clearly err by finding that the Plaintiff's subpoena was unduly burdensome. The Magistrate Judge did not clearly err in determining that the government's decision was not arbitrary and capricious considering the 28,000 references to the

11

Gary Police Department and over 7,000 serials that the government would have to review and the Plaintiff's request for all documents of all investigations involving any misconduct by the Gary Police Department from 1987–1992.

The Magistrate Judge did not clearly err by quashing the Plaintiff's subpoena. Under either standard, the Court properly granted the Motion to Quash. The Plaintiff's arguments are unavailing and the Court overrules the Plaintiff's objection.

## CONCLUSION

For the forgoing reasons, the Court hereby DENIES the Plaintiff's Motion for Default Judgment [ECF No. 175], the Plaintiff's Motion for Leave to Supplement Reply to Response to Motion for Default Judgment [ECF No. 196], and the Plaintiff's Motion for Review of Magistrate Judge Decision by a District Judge [ECF No. 230].

SO ORDERED on March 11, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT